ALEXANDER REY, WILLIAM R. MARSHALL, AND JOSEPH M. MARSHALL PARTNERS UNDER THE NAME, STYLE, AND FIRM, OF MARSHALL & Co., PLAINTIFFS IN ERROR, v. JAMES W SIMPSON.

Where an endorsement upon a promissory note was made, not by the payee, but by persons who did not appear to be otherwise connected with the note, and the note thus endorsed was handed to the payee before maturity, a motion to strike out of the declaration a recital of these facts, and also an allegation that this endorsement was thus made for the purpose of guarantying the note, was properly overruled.

In Minnesota, where the transaction took place, suitors are enjoined by law, in framing their declarations, to give a statement of the facts constituting their cause of action; which statement is required to be expressed in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended.

The facts above recited were a part of the facts constituting the cause of action, and therefore properly inserted in the declaration.

Parol proof of the circumstances under which the endorsement was made was admissible, and the weight of authority is in harmony with this principle.

The judgment against these endorsers was properly given, upon the ground that they were original parties to the note.

The declaration was sufficient, under the system of pleading which prevails in Minnesota.

THIS case was brought up by writ of error from the Supreme Court of the Territory of Minnesota.

It was an action brought by Simpson in the District Court of the second judicial district, Ramsey county, in the Territory of Minnesota, upon a promissory note given under the following circumstances:

$3,517.07½.                          ST. PAUL, *June* 14, 1855.

Six months after date, I promise to pay to the order of James W. Simpson, three thousand five hundred and seventeen dollars and 07½-100, value received.

(Signed)                                    ALEX. REY.

Simpson was the creditor, and it was intended to give him the security of Marshall & Co.; but instead of drawing the note in favor of Marshall & Co., and obtaining their endorsement before handing it to Simpson, the note was drawn as above, and given to Simpson with the endorsement of Marshall & Co. upon it. The whole case turned upon the nature of this note. Under the usual form of proceeding, Simpson would have had to write his name over that of Marshall & Co., and thus present the spectacle of the first endorser suing the second endorser. According to the old system of pleading, there might have been a difficulty; but the system of pleading in Minnesota obviated all difficulty, by enjoining upon suitors, in framing their declarations, to give a statement of the facts constituting their cause of action. Simpson's counsel therefore filed a complaint against the maker and endorsers of the note, joining them in one action, and complaining that they would not pay the note. In this complaint, Marshall & Co. were called endorsers, and the question immediately arose, whether they were endorsers or guarantors. Accordingly, the counsel for the defendants moved to strike out of the complaint all those parts which spoke of Marshall & Co. as en-

dorsers, for the purpose of guarantying the note, and of becoming sureties and security to the plaintiff. But the court overruled the motion. The counsel for the defendants then demurred to the complaint, upon the following grounds, which are inserted because the reporter does not intend to report the arguments of counsel in this court upon this mode of making a promissory note, and this mode of declaring upon it.

The grounds of demurrer were the following, viz:

*First.* The said complaint does not state facts sufficient to constitute a cause of action against the said defendants, William R. Marshall and Joseph M. Marshall, or either of them, in that—

1. The facts stated in the said complaint show that the contract of the defendants, Marshall, upon the promissory note in said complaint mentioned, was that only of endorsement; and the allegations in the said complaint of the purpose for which the said defendants endorsed the said note, and of the reliance of the plaintiff upon such endorsement as security to him, are incompetent either to vary the said contract, or to change in any respect the legal obligations of the defendants, Marshall.

2. It appears, upon the face of the said complaint, that the plaintiff is the payee of the said note, that the same is payable to the order of the plaintiff, and that the plaintiff has never endorsed nor negotiated the said note.

3. The facts stated in the said complaint show, that the defendants, Marshall, could only have been made liable upon the said promissory note in the character of second endorsers, and in that character only upon the endorsement and the transfer of the note by the plaintiff. The note having matured without endorsement or transfer by the plaintiff, no liability can in any event attach to the defendants, Marshall, upon the same.

*Second.* There is a defect of parties defendant in said action, in that—

1. The defendants, Marshall, are not proper parties to an action by the plaintiff upon the said note, because, as appears upon the face of the complaint, they are but the endorsers of

a promissory note payable to the order of the plaintiff, and as such endorsers cannot be held by the payee.

2. The facts stated in the said complaint show that the maker of the said promissory note alone is liable to the plaintiff for the payment thereof.

This demurrer was overruled, and, after some other proceedings, the court gave judgment for the plaintiff, when the defendants carried the case to the Supreme Court of the Territory. The points made in that court upon both sides are inserted, because they are substantially those which were made in this court.

Points of plaintiff in error, with authorities relied on:

I. The contract of the defendants (plaintiffs in error) was that of endorsers, and a contract of a different character cannot arise and will not be implied in conflict with the written agreement. The defendants being endorsers, they are endorsers of the plaintiff, and not liable to him.

17 Johns., 326; 17 Wen., 214.

2 Hill, 80; 3 Ibid, 233; 7 Ibid, 416.

19 Wen., 202; 6 Barber, 282.

1 Comstock, 321; 1 Spence N. Y., 256.

1 Green Ia., 331; 13 Lin. and Man., 617.

1 Jones's Pen., 46; Story on Promissory Notes, sec. 134, note.

Story on Bills, 215; 11 Johns., 201.

1 Phillips's Ev., 547; 6 Hill, 219.

1 Johns. Ch. B., 429; 4 Selden, 207.

2 Comstock, 553; 5 Denio, 484.

Rev. Stat. p. 268, secs. 281, 282.

II. The complaint charges the defendants as guarantors, and shows that the contract was cotemporaneous with the inception of the note, and no construction of the authorities will charge them upon such fact otherwise than as original maker.

III. In no view can the defendants upon this complaint be regarded, except as endorsers, because, conceding that the written contract of the parties may be varied by a cotemporaneous parol agreement, facts are not stated in the pleadings from which the court can infer the nature of the contract.

IV. The complaint is double. If a y contract besides that of endorsers is stated, it contains in th· same count a contract of endorsement and of guaranty. There are distinct causes of action, and should be separately stated.

Vide Rev. Stat., p. 340, sec. 7.

2 Code R., p. 145; 4 H. and R., 226.

5 Ibid, 172; 7 Barbour, 80.

The following points and authorities were relied upon for the defendant in error:

*First.* The plaintiffs in error, William R. Marshall and Joseph M. Marshall, as parties to the promissory note described in the complaint, became and assumed the legal liability of guarantors and sureties for the payment of the same.

See 14 Johns. Rep., p. 349, Campbell *v.* Butler.

1 Hill's Rep., p. 91, Labran & Ives *v.* Worane.

13 Johns. Rep., p. 175, Nelson *v.* Duboiss.

9 Mass. Rep., p. 313, White *v.* Howland.

11 Mass. Rep., p. 436, Mories *v.* Bird.

2 Comstock Rep., p. 225, Brown *v.* Curtis.

7 Mass. Rep., p. 232, Ulen *v.* Kitridge.

Story on Promissory Notes, secs. 479 and 480, and notes on page 641, 3d ed.

Same, p. 630, secs. 475 and 476, and notes.

Same, secs. 477 and 479, p. 638.

*Second.* The endorsement of the promissory note by Marshall & Co., at the time of the making and before delivery thereof, was an original undertaking on their part to pay the same, or at least to guaranty the payment thereof.

In support of this point, see the authorities above cited.

*Third.* The endorsement by Marshall & Co. having been made at the date of the note, and before delivery, for the express purpose of giving credit to the maker, and enabling him to negotiate the same to the payee thereof, renders them primarily liable as original parties to the note.

6 Conn. Rep., p. 315; 7 Conn. Rep., p. 310.

11 Conn. Rep., p. 440; 9 Vermont Rep., p. 345.

12 Vermont Rep., p. 219; 16 Vermont Rep., p. 554.

17 Vermont Rep., p. 285; 1 New Hamp. Rep., p. 385.

2 McCord's Rep., p. 388; 9 Ohio Rep. p. 39.

13 Ohio Rep., p. 328.

*Fourth.* The time and circumstances when and under which the note was made, endorsed, and delivered, may be properly alleged and proved, to enable the court to apply the law governing the same.

See the authorities before cited, and 4 Watt's Rep., p. 448; 9 Ohio Rep., p. 39; 2 McLean Rep., p. 553.

*Fifth.* The decision and judgment below is well sustained by the law of the case.

See authorities before cited.

The Supreme Court of the Territory affirmed the judgment of the court below, and the defendants brought the case to this court.

It was argued by *Mr. Stevens,* upon a brief submitted by himself and *Mr. Brisbin,* for the plaintiffs in error, and by *Mr. Bradley* for the defendant.

The arguments turned upon the questions, whether Marshall & Co. were endorsers or guarantors or original parties to the note, and also whether the mode of pleading had been correct.

Mr. Justice CLIFFORD delivered the opinion of the court.

This is a writ of error to the Supreme Court of the Territory of Minnesota.

According to the transcript, the suit was commenced by James W. Simpson, the present defendant, on the twenty-first day of December, 1855, in the District Court of the Territory, for the second judicial district, against the plaintiffs in error, who were the original defendants. It was an action of assumpsit, and was brought upon a certain promissory note for the sum of three thousand five hundred and seventeen dollars and seven and a half cents, bearing date at St. Paul, in that Territory, on the fourteenth day of June, 1855, and was made payable to the order of the plaintiff six months after date, for value received. At the period of the date of the note, as well as at the time the suit was instituted, two of the defendants,

William R. Marshall and Joseph M. Marshall, were partners, doing business under the style and firm of Marshall & Company.

As appears by the declaration, the note was made and signed by the defendant first named in the original suit, at the time and place it bears date.

And the plaintiff further alleges in the declaration, that, after making and signing the note, the same defendant then and there delivered the note to the other two defendants; and that they then and there, by their partnership name, endorsed the same, by writing the name of their firm on the back of the note, and then and there redelivered the same to the first-named defendant, who afterwards, and before the maturity of the note, delivered it so endorsed to the plaintiff. He also alleges that the defendants, William R. Marshall and Joseph M. Marshall, so endorsed the note for the purpose of guarantying the payment of the same, and of becoming sureties and security to him, as the payee thereof, for the amount therein specified; and that he, relying upon their endorsement, took the note, and paid the full consideration thereof to the first-named defendant.

Other matters, such as due presentment, non-payment, and protest, are also alleged in the declaration, which it is unnecessary to notice at the present time, as the questions to be determined arise out of the allegations previously mentioned and described.

Personal service was made on each of the defendants, but the one first named did not appear; and after certain interlocutory proceedings, conforming to the laws of the Territory and the practice of the court, he was defaulted.

On the thirty-first day of December, 1855, the counsel of the other two defendants served notice of a motion to strike out all that part of the declaration which sets forth the purpose for which it is alleged they endorsed the note, and so much of the declaration, also, as alleges that the plaintiff took the note as payee, relying upon the endorsement, and paid to the first-named defendant the full consideration thereof, as before stated. That motion was subsequently heard before

the court; and on the ninth day of February, 1856, was denied and wholly overruled. After the motion was overruled, the defendants, whose firm name is on the back of the note, demurred specially to the declaration.

None of the causes of demurrer need be stated, as they will be sufficiently brought to view in considering the several propositions assumed by the counsel on the one side and the other, in the argument at the bar. Suffice it to say, that the demurrer was overruled; and on the tenth day of July, 1856, judgment was entered for the plaintiff against all of the defendants for the amount of the note, with interest and costs.

On the eighteenth day of September, 1856, the defendants sued out a writ of error, and removed the cause into the Supreme Court of the Territory, where the judgment of the District Court was in all things affirmed; and on the fourth day of February, 1857, a final judgment was entered for the plaintiff, that he recover the amount of the judgment rendered in the District Court, with interest, costs, and ten per cent. damages, amounting in the whole to the sum of four thousand three hundred seventy-one dollars and ninety-seven cents. Whereupon the defendants sued out a writ of error to this court, which was properly docketed at the December term, 1857.

All civil suits in the courts of Minnesota are commenced by complaint; and suitors are enjoined by law, in framing their declarations, to give a statement of the facts constituting the cause of action; which statement is required to be expressed in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended.

Pursuant to that requirement, and the practice of the courts of the Territory at the time the suit was commenced, the plaintiff in this case set forth the facts already recited as contained in the complaint or declaration.

Facts thus stated in the declaration, pursuant to the directions of the law of the Territory, and which were material to the understanding of the rights of the parties to the controversy, could not properly be suppressed by the court. Irre-

spective, therefore, of the question whether or not the motion of the defendants to strike out that part of the declaration was waived, because not pressed in the Supreme Court of the Territory, no doubt is entertained by this court that the motion was properly overruled by the District Court upon the merits.

Proof of the attending circumstances under which the defendants, William R. Marshall and Joseph M. Marshall, had placed their firm name upon the back of the note, would clearly have been admissible in a trial upon the general issue; and if so, no reason is perceived why it was not proper for the plaintiff, under the peculiar system of pleading which prevailed in the courts of the Territory at the time the suit was commenced, to state those circumstances in the declaration. Beyond question, they were a part of the facts constituting the cause of action; and if so, they were expressly required to be stated by the law of the Territory prescribing the rules of pleading in civil cases. And having been alleged in pursuance to such a requirement, and being material to a proper understanding of the rights of the parties to the suit, it must be considered, by analogy to the rules of pleading at common law, that they are admitted by the demurrer.

By the admitted facts, then, it appears the defendants, William R. Marshall and Joseph M. Marshall, placed their firm name on the back of the note at its inception, and before it had been passed or offered to the plaintiff. They placed their firm name there at the request of the other defendant, knowing that the note had not been endorsed by the payee, and with a view to give credit to the note, for the benefit of the immediate maker, at whose request they became a party to the same.

Whatever diversities of interpretation may be found in the authorities, where either a blank endorsement or a full endorsement is made by a third party on the back of a note, payable to the payee or order, or to the payee or bearer, as to whether he is to be deemed an absolute promissor or maker, or guarantor or endorser, there is one principle upon the subject almost universally admitted by them all, and that is, that the interpretation of the contract ought in every case to be

such as will carry into effect the intention of the parties; and in most instances it is conceded that the intention of the parties may be made out by parol proof of the facts and circumstances which took place at the time of the transaction. Story on Prom. Notes, secs. 58, 59, and 479.

When a promissory note, made payable to a particular person or order, as in this case, is first endorsed by a third person, such third person is held to be an original promissor, guarantor, or endorser, according to the nature of the transaction and the understanding of the parties at the time the transaction took place. If he put his name on the back of the note at the time it was made, as surety for the maker, and for his accommodation, to give him credit with the payee, or if he participated in the consideration for which the note was given, he must be considered as a joint maker of the note. On the other hand, if his endorsement was subsequent to the making of the note, and he put his name there at the request of the maker, pursuant to a contract with the payee for further indulgence or forbearance, he can only be held as a guarantor. But if the note was intended for discount, and he put his name on the back of it with the understanding of all the parties that his endorsement would be inoperative until it was endorsed by the payee, he would then be liable only as a second endorser in the commercial sense, and as such would clearly be entitled to the privileges which belong to such endorsers.

Decided cases are referred to by the counsel of the defendants, which seemingly deny that such parol proof of the attending circumstances of the transaction is admissible in evidence; but the weight of authority is greatly the other way, as is abundantly shown by the cases cited on the other side. Whenever a written contract is presented for construction, and its terms are ambiguous or indefinite, it is always allowable to weigh its language in connection with the surrounding circumstances and the subject matter, and we see no reason, as question of principle, why any different rule should be adopted in a case like the present. Such evidence has always been received in the courts of Massachusetts, as appears from

numerous decisions, and the same rule prevails in most of the other States at the present time. 1 Am. Lea. Cas., (4th ed.,) 322. Repeated decisions to the same effect have been made in the courts of New York, and until within a recent period it appears to have been the settled doctrine in the courts of that State.

Recent decisions, it must be admitted, wear a different aspect; but they have not had the effect to produce a corresponding change in other States, and, in our view, deny the admissibility of parol evidence in cases where it clearly ought to be received. Hawkes *v.* Phillips et al., 7 Grey, 284.

Applying these principles to the present case, it is obvious that the contract of the two defendants whose firm name is upon the back of the note was an original undertaking, running clear of all questions arising out of the statute of frauds.

They placed their names there at the inception of the note, not as a collateral undertaking, but as joint promissors with the maker, and are as much affected by the consideration paid by the plaintiff, and as clearly liable in the character of original promissors, as they would have been if they had signed their names under the name of the other defendant upon the inside of the instrument. Numerous decisions in the State courts might be cited in support of the proposition as stated, but we think it unnecessary, as they will be found collated in the elementary works to which reference has already been made, and in many others which treat of this subject.

Another objection to the right of recovery in this case deserves a brief notice. It is insisted by the counsel of the defendants that the complaint or declaration is not sufficient to maintain this suit against these defendants as original promissors. That objection must be considered in connection with the system of pleading which prevailed in the courts of the Territory at the time the suit was commenced. By that system, suitors were only required to state the facts which constituted the cause of action. In this case the plaintiff followed that mode of pleading, and we think he has set forth enough to constitute a substantial compliance with the law of the Territory and the practice of the court where the suit was in-

stituted. He alleges, among other things, that the defendants whose firm name is on the back of the note placed it there for the purpose of becoming sureties and security to him as payee for the amount therein specified. That allegation, to use the language of the statute of Minnesota, is expressed in ordinary and concise language, and in such a manner as to be easily understood, and that is all which is required by the law of the Territory prescribing the rules of pleading in civil cases. Under the system of pleading which prevailed in the courts of the Territory, the objection cannot be sustained.

The judgment of the Supreme Court of the Territory is therefore affirmed with costs.