GOOD *v.* MARTIN.

PROMISSORY NOTE — *party indorsing may become maker.* One who puts his name on the back of a note at the time it is made and before it comes to the hand of the payee, there being nothing to show with what intention, is liable as maker.

The opinion of the court at the former term in this cause, on this point, re-examined and affirmed.

*The ground of his liability.* In an action on a promissory note against one who is charged as maker, upon the ground that he indorsed the note at the time it was made, and before it was delivered to the payee, the circumstance that he did not participate in the consideration does not tend to explain or rebut his liability as maker.

INSTRUCTIONS — *error without prejudice.* A party cannot complain of a charge which is favorable to his defense and which has not misled the jury, although it may appear to be wrong in the statement of a fact, or incorrect in principle.

WITNESS — *competency of a party to the suit.* Prior to the act of 1870, relating to the competency of witnesses (8 Sess. 62), a defendant who had suffered judgment of default to pass against him, was not a competent witness for his co-defendant, upon the trial of an issue of fact joined by the latter.

Parties to the suit were then excluded from considerations of public policy, and not because of their interest in the result.

*Appeal from District Court, Arapahoe County.*

THIS is the third appeal in this cause, the first and second being reported in 1 Colorado, 165 and 406. Appellant was charged in the declaration with William N. Shepherd and Parker B. Cheney, as maker of a promissory note. In the last count it was alleged that Cheney and Shepherd made the note and that it was indorsed by appellant before it was delivered to the payee. The cause was tried upon the general issue. At the trial, plaintiffs gave evidence tending to prove that the note was indorsed by appellant before delivery to Davidson, the payee; that it was given for the purpose of taking up another note executed by the same persons in the same manner as the present note. That the note in controversy was given for a balance of principal and interest due on a prior note, a portion of the old note having been paid at the time this was given. The note in suit is in the ordinary form, dated June 29, 1866, for the sum of $800,

payable sixty days after date, with interest at five per cent per month from date until paid. It was signed P. B. Cheney, William N. Shepherd, and the names John Good, Alexander Davidson, indorsed. A witness for the plaintiff was asked on cross-examination, for whose indebtedness the note was given, and upon objection by the plaintiff, this was excluded. Wm. N. Shepherd, against whom a judgment of default had been taken, was offered as a witness for appellant and rejected. Appellant also offered himself as a witness and was rejected. It appeared that issue was joined in the cause before the act of February 11, 1870, relating to the competency of witnesses in civil cases, was passed. The court charged the jury that appellant was liable upon the note if he placed his name upon the back of it, and before its delivery to the payee therein, and without any statement, at the time, of his intention in so doing. The court also charged that appellant was liable if he placed his name upon the back of the note in part discharge of a prior indebtedness of Cheney, Shepherd and himself. Referring to the question of prior indebtedness, the court gave the following, which are mentioned in the opinion of this court.

3. Upon the question whether the note in controversy was given in part payment of the previous debt of Cheney, Shepherd & Good, there is evidence tending to show that such prior indebtedness, if any existed, was by virtue of a promissory note subscribed by Cheney and Shepherd, and bearing the name of Good on the back thereof, and if the prior indebtedness, spoken of by the witnesses, consisted only in a promissory note such as here supposed, then the jury will not be warranted in considering such prior note as the debt of Good in such sense as to render him, by reason of his signature upon the back of the note in evidence in the case, liable as joint maker with Cheney and Shepherd.

4. If, however, the promissory note in question was given in renewal of a former note signed by Cheney and Shepherd, and with the name of Good upon the back thereof, payable to Davidson and held by him, and if the understanding of the parties at the time of such renewal

was that the new note should be executed by the same parties and in the same manner as the old one, then the jury will be warranted in inferring that the intention and understanding of all parties, at the time of the execution of the new note, was that Good's liability upon the new note should be the same as upon the old ; and if the jury make this inference, then the jury cannot find that Good intended to be liable as joint maker with Cheney and Shepherd upon the note now in suit, unless they can first ascertain and determine from the evidence that Good's liability upon the original note was that of joint maker with Cheney and Shepherd; and the jury are further instructed that there is no evidence in the case from which the jury can infer that such was Good's liability upon the old note.

The charge was very full upon other points.

There was judgment for the plaintiff, and the defendant Good appealed.

Mr. Justice BELFORD took no part in the decision.

Mr. E. L. SMITH, for appellant.

Messrs. BROWNE & PUTNAM and Mr. N. HARRISON, for appellee.

HALLETT, C. J. On a former appeal, we considered the facts presented in this case with reference to the rule announced in *Rey* v. *Simpson*, 22 How. 341, as to the liability of one who becomes a party to negotiable paper by indorsing it in blank, before it had passed from the hands of the maker. 1 Col. 165. It is now urged that we have gone beyond the authority of the principal case, in saying, that, in the absence of evidence to show the intention of the parties, the indorser may be charged upon such an indorsement as a maker of the note jointly with the parties whose names appear upon the face of the instrument. In *Rey* v. *Simpson*, it is true that it was alleged in the declaration, that the indorsement was made for the purpose of guaranteeing the payment of the note and of becoming surety to the payee for the same, and this was admitted by the

demurrer. But if this statement had been omitted from the declaration, it is believed that the principle would be the same. Without such an averment, the case would stand upon the allegation that the indorsement was made while the note was in the hands of the maker, and before delivery to the payee, and with nothing to show what was the purpose of the indorsement, excepting the mere fact that the party had written his name upon the back of the note, that purpose must be made out. The case then presented is of one who has not received any portion of the consideration of the note, and who, by his signature, has manifested a disposition to become a party to it, but has not declared, except by his signature, in what character he will be bound. In such case it is necessary that the law should declare the intention with which the signature was affixed, for if this were left to the jury, there could be no certain rule governing his liability. One jury might find that he was not liable as maker, and another, that he was not liable as guarantor, and a third, that he was not liable as indorser, and thus, by successive juries, he would be absolved from all liability. If, then, the law is to supply the purpose and intention with which the indorsement was made, it can only be said, that it was for the credit and accommodation of the maker of the note, and this, for the reason that there is as yet no other party to the instrument. The payee not having received the note, it cannot be claimed that the indorsement is for his accommodation, and there is, in fact, no one but the maker who can receive any benefit from it. According to the practice in Minnesota, from whence *Rey* v. *Simpson* was removed, the purpose of the indorsement was properly set forth in the declaration, but such an allegation would find no place in a common-law pleading. The evidence to support the allegation upon issue of fact joined is said to be the circumstances under which the signature was placed upon the back of the note. If this evidence goes no further than to show that the signature was put upon the note in the hands of the maker, I cannot doubt the sufficiency of it. The law will then impute to the indorser,

a purpose to accommodate and give credit to the maker, because this is the most reasonable interpretation of his act. In common-law pleadings, as before stated, the intention is not alleged, but it is quite as much in issue, and the same effect will be given to the evidence of the circumstances under which the indorsement was made. Whether the pleadings be in one form or another, the object is to ascertain the intention of the party in signing his name, and if there is no distinct expression of intention, the law must interpret the act, for the purpose of ascertaining it. I conceive, therefore, that the views expressed upon this point on the first appeal may be maintained upon the principle recognized in *Rey v. Simpson*, and the charge of the court to the jury, enforcing those views, is entirely correct. It was not claimed upon the trial, or in the charge to the jury, that appellant participated in the consideration of the note, and it seems to have been conceded that he did not. If appellant's liability had been put upon the ground that he shared in the consideration, evidence to disprove the fact must have been received from him, but this was not the theory upon which the case was tried. The fact which he offered to prove was not in issue, and in the view which was taken of the case, did not affect his liability. He was to be charged as a surety if at all, and the offer was to show that he was not a principal. The argument is that non-participation in the consideration is a circumstance from which the jury might judge of appellant's liability, and so it is as to the question whether he is principal or surety. But whether he is to be charged as maker, indorser, or guarantor of the note, that circumstance will not explain, and therefore it was rightly rejected. It appears by the evidence that the note in suit was given in renewal of another note, executed by the same parties, and in the same manner as this one, in pursuance of an agreement to that effect. Upon this state of facts the charge of the court that appellant's liability upon the old note would measure his liability upon the new one, was based, and upon that point it was entirely correct. This was, however, followed by the further statement that there

was no evidence in the case from which the jury could infer that appellant's liability upon the old note was that of a joint maker, a proposition which was not accepted by the jury. The testimony is, that the new note was to be executed by the same parties, and in the same manner, as the old one, and, so far as we can learn, this was done. If the parties pursued the same course in making the new note which had been adopted in making the old one, the jury, being informed as to one, were equally well informed as to the other. The new note was found to have been executed in a manner to charge appellant as maker, and if the old note was executed in the same manner, his liability upon that was of the same character. The charge of the court was, therefore, too favorable to defendant, and the jury have drawn a correct conclusion from the evidence in opposition to it. The evidence upon this point is entirely harmonious, and the misdirection could not have prejudiced appellant upon the trial. Error has not been alleged upon this instruction, but as to the finding of the jury, and these remarks are directed to the point last named. Objection is also made to that portion of the instructions in which the jury are told that appellant might be charged upon evidence that the note was given in part discharge of a previous indebtedness of the three defendants, upon the ground that there is no evidence to which it can be referred. The only evidence of prior indebtedness of the three defendants was the original note of the parties which was taken up at the time the note in suit was given, and this the jury were informed, in the third instruction, was not sufficient to fix upon appellant the liability of maker. Connecting these portions of the charge they served to inform the jury that the original note was not evidence of prior indebtedness upon which appellant could be bound as maker of the note in suit, and this, if not useful to the jury, was certainly not misleading.

The remaining question to be considered relates to the competency of Shepherd, one of the defendants, who had suffered judgment to pass against him, as a witness upon

trial of the issue against appellant. As this cause was at issue before the act of 1870, by which the parties in a suit are admitted as witnesses therein, was passed, it is conceded that the provisions of that act cannot control, and the case must be governed by the common-law rule as modified by the act of 1872, which provides that a judgment may be taken against one of several joint defendants in an action upon contract. It is said that the interest of Shepherd, in the result of the suit, was determined by the default; for, by the act of 1872, judgment would go against him, although appellant should succeed upon the issue of fact. It is to be observed that the amount of damages to be assessed against Cheney and Shepherd was to be determined by the jury which tried the issue joined by appellant, and as to that matter Shepherd was certainly not competent to testify. *Bowman* v. *Noyes*, 12 N. H. 302. According to some authorities he was competent to testify to any fact which would go to the discharge of appellant alone, but he was not offered as a witness to prove any such matter. The record states that he was called as a witness further to maintain the issue on the part of appellant, and the plea being the general issue, the question of damages in which Shepherd was directly interested, and most other defenses in the action of assumpsit, was provable under it. It is true that the note determined the amount of damages, but for aught that appears the intention may have been to prove payment, or accord and satisfaction, which was admissible under the general issue, and which would diminish the amount to be recovered from Shepherd himself, as well as the other defendants. Without, however, discussing this view of the question at length, it is sufficient to say that in the courts of the United States the parties to a suit were forbidden to testify therein on the ground of public policy, and not because they were interested in the result of the suit. In those courts, according to the old rule which has recently been changed by statute, a party to the record could not testify, although divested of all interest in the suit. *Bridges* v. *Armour*, 5 How. 94. This is decisive of

the questionpresented both as to Cheney and Shepherd, and renders any reference to decisions of State courts unnecessary. The points in the assignment of errors number thirty-three, in all of which those only to which I have referred have been mentioned in the argument. To go through with all of these points, and beyond those which counsel have deemed worthy of attention, would be tedious and unprofitable.

The judgment of the district court is affirmed, with costs.

*Affirmed.*