DAVID B. McGEE, *Respondent, v.* P. EDWARD CONNOR (sued with John M. Murphy), *Appellant.*

PARTY INDORSING NEGOTIABLE PAPER, WHEN SURETY OR MAKER.—One who, not a party to negotiable paper, places his name, without more, on the back of the same, before an indorsement by the payee, renders himself, in the absence of proof, liable as surety or maker.

PLEADING IN A SUIT ON PROMISSORY NOTE.—In a suit on such note, an allegation of "Notice of Non-payment" is immaterial, and an answer setting up want of notice, and denying the allegation of notice, raises no material issue, and Plaintiff in motion is entitled to recover upon the pleadings.

AS TO WHO IS AN INDORSER, A QUESTION OF LAW.—In a complaint against one who signed his name on the back of a note before delivery to the payee, an allegation that such party so signing "had notice of the non-payment thereof," does not make such party an indorser merely.

Appeal from the Third District Court.

The facts are stated in the Opinion of the Court.

*Hempstead & Kirkpatrick* for Appellant.

*Tilford* & *Hagan* for Respondents, made the following points:

1. The Defendant Connor, as it is alleged in the complaint, and not denied in the answer, having written his name upon the back of the note at the time of its execution, and in connection with Murphy, the maker of the note, delivered it to the payee, is regarded in law as a maker. He was not, therefore, entitled to notice. (Red & Big. Lead. Cases on Bills and Prom. Notes, 155; 22 Howard, 341.)

2. If, however, Connor is considered as a mere guarantor, he was not discharged from liability by failure to give notice, unless he alleged actual loss from such failure. (2 Parsons, 137-139; 39 Cal., 494; Chitty on Bills, 365.)

3. The allegation that Defendant "indorsed said note," taken in connection with the other averments of the complaint, does not change the *status* of defendant. (Bouvier Law Dic., "Indorse.")

McKean, C. J., delivered the Opinion of the Court.

The Respondent brought his action in the Third District Court, and complained of the defendants as follows: "The above-named Plaintiff complains of the above-named Defendants, and for cause of action alleges, that heretofore, to-wit: on the 22d day of October, 1872, at Salt Lake City, the Plaintiff and Bernard D. Sloan were co-partners, under the firm name of D. G. Magee & Co.; that at the date and place last aforesaid, the Defendant, John M. Murphy, made his certain promissory note to the said D. B. Magee & Co., in words and figures following, to-wit:

"$1,080.00.

Salt Lake City, October 22d, 1872.

Sixty (60) days after date, for value received, I promise to pay to the order of D. B. Magee & Co., one thous-

and and eighty dollars, negotiable and payable at the
Banking House of Wells, Fargo & Co., in lawful money
of the U. S., without defalcation or discount, without
interest.

JOHN M. MURPHY."

That at the time of making said note, and before its
delivery, the Defendant, Patrick Edward Connor, for
value received, indorsed the same by writing on the back
of said note his signature in words following, to-wit: "P.
Edw. Connor;" and that the said note, so indorsed, was
then and there delivered by the said Defendants to the
said D. B. Magee & Co.; that afterwards, and before the
said note became due, the partnership heretofore existing
as aforesaid, between the Plaintiff and the said Bernard
D. Sloan, was dissolved; that after said dissolution, to-
wit: on the 29th day of November, 1872, the said Ber-
nard D. Sloan, for a good and valuable consideration paid
to him by the Plaintiff, assigned and transferred all his
interest in said note to the Plaintiff, who then became,
and still is, the owner and holder thereof; that on the
24th day of December, 1872, the said note was presented
for payment at the said Banking House of Wells, Fargo
& Co., in Salt Lake City, and payment of the same was
demanded, but was not paid; that notice thereof was
given to the said Defendant, Patrick Edward Connor;
that the Defendants have not paid the said note, nor any
portion thereof.

Wherefore the Plaintiff demands judgment against
the Defendants for the sum of ten hundred and eighty
dollars, with interest thereon at the rate of ten (10) per
cent. per annum, from the 24th day of December, 1872,
and his costs of action." The complaint was verified.

To this complaint the Defendant, Connor, simply
answered, "That notice of dishonor of said promissory
note in said complaint mentioned, was not given to this
Defendant."

On the 18th day of August, 1873, the Plaintiff's At-
torney caused to be served on the Defendant Connor's

attorney, a notice that at the opening of the District Court on the 28th day of August, or as soon thereafter as counsel could be heard, he would move the Court for judgment for the Plaintiff against the Defendant Connor for the full amount claimed in the complaint, the motion to be based on the pleadings on file in said action.

That motion was argued by the respective counsel on the 10th day of September, 1873, and judgment was rendered thereon for the Plaintiff against the Defendant Connor, for the sum of $1,157.10, with $20 costs and disbursements.

The Defendant Connor appeals from that judgment to this Court, and assigns as error, that the Court below erred in granting the said motion.

As to whether a person who places his name on the back of a promissory note, as did the Defendant Connor, thereby renders himself liable as maker, guarantor, or indorser, is a question upon which there is a wide conflict of authority in different States. This question is learnedly commented upon in Redfield & Bigelow's Leading Cases upon Bills of Exchange and Promissory Notes, pp. 110 to 156 inclusive. In a note on page 155, those authors say:

"It may be stated, as the result of the foregoing cases and citations, that in the following States, one who, not a party to negotiable paper, places his name, without more, on the back of the same, before an indorsement by the payee, renders himself, in the absence of proof, liable as maker or surety: Massachusetts, Vermont, Maine, New Hampshire, Michigan, Louisiana, Missouri, South Carolina, Texas; also in Rhode Island, Georgia, Ohio and Minnesota, if the party signed before delivery to and to secure the payee. In the following as indorser: New York, Mississippi, Pennsylvania, Tennessee, Iowa, Wisconsin, California, Indiana. In New York this liability cannot be changed by parol proof. In the following as guarantor: Illinois, Connecticut, Ohio; also in Virginia, if the paper is not negotiable. In New York and Louisiana, if the paper is negotiable, such person becomes maker or guarantor."

The case now at bar is, it seems, the first that has come before this court involving the questions now presented for our consideration. There is here no statute controlling these questions, and we must look to the Supreme Court of the United States for their authoritative decision. The case of Rey *et al. v.* Simpson (22 How., 341) has been cited by the counsel for the respective parties, and each claims it to be decisive of the case in favor of the client. Let us examine it.

That action was brought in a District Court of the Territory of Minnesota, upon a promissory note, of which the following is a copy:

$3,517.07½.

ST. PAUL, June 14, 1855.

Six months after date, I promise to pay to the order of James W. Simpson, three thousand five hundred and seventeen dollars, and 07½-100, value received.
(Signed)        ALEX. REY."

Marshall & Co. (William R. Marshall and Joseph M. Marshall) indorsed their firm name on the back of this note before it was delivered to Simpson, who afterwards brought his action thereon against Ray and the Marshalls. In his complaint, in which Marshall & Co. were called "endorsers," Simpson alleges "that, after making and signing the note, the Defendant Rey then and there delivered the note to the other Defendants, and that they then and there, by their partnership name, indorsed the same, by writing the name of the firm on the back of the note, and then and there re-delivered the same to the first-named Defendant, who afterwards, and before the maturity of the note, delivered it so endorsed to the Plaintiff. He also alleges that the two Defendants, Marshall, so indorsed the note for the purpose of guarantying the payment of the same, and of becoming sureties and security to him, as the payee thereof, for the amount therein specified; and that he, relying upon their indorsement, took the notes and paid the full consideration therefor to the first-named Defendant."

Simpson recovered judgment against all the Defendants, in the Courts of the Territory, and the Marshalls carried the case to the Supreme Court of the United States, which court, after setting forth the substance of the complaint, as stated above, adds:

"Other matters, such as due presentment, non-payment, and protest, are also alleged in the complaint, which it is unnecessary to notice at the present time, as the questions to be determined arise out of the allegations previously mentioned and described."

It hardly needed this last paragraph to convince one that a notice of protest could not relate back six months and change the original contract of the parties. That contract rendered Marshall & Co. liable, as makers of the note. They were therefore not entitled to notice of protest, and Simpson need not have given it.

The Court held that, under the Minnesota Practice it was proper to allege in the complaint "that Marshall & Co. so indorsed the note for the purpose of guarantying the payment of the same, and of becoming sureties and security to the payee thereof." The Court might also have said that it would have been permissible for the Defendants, Marshall & Co., to allege in their answer, that they indorsed the note only as indorsers, and not as makers or guarantors. It certainly was permissible for either party to plead, and, consequently, to prove such allegations. In affirming the judgment of the Minnesota courts, the Supreme Court recognized the doctrine that "one who, not a party to negotiable paper, places his name, without more, on the back of the same, before an indorsement by the payee, renders himself, in the absence of proof, liable as maker or surety." It is clear that while it was permissible for Simpson to allege the purpose for which Marshall & Co. indorsed the note, still, if he had only set forth the time and manner of their indorsing it, and had said nothing of the purpose, his complaint would still have contained a good cause of action, and the law of the case would have been the same, unless Marshall & Co. had pleaded and proved a

purpose, an understanding, inconsistent with the legal presumption that they were makers of the note.

The Civil Practice Act of Utah (sec. 39, subdiv. 2,) requires that "The complaint shall contain—A statement of the facts constituting the cause of action in ordinary and concise language."

Now, according to the facts set forth in the complaint in the case at bar, the manner of making or indorsing the note in question by the Defendant, Connor, was without any understanding or purpose other than what the law presumed; although it was competent for either party, in his pleading, to have alleged that it was intended that Connor should be held liable only as an indorser. But neither party has made any material allegation inconsistentwith the legal presumption that Connor put his name on the note as a maker. To allege that Connor, sixty days after the making of the note, had notice of its dishonor, was as immaterial as it would have been to have alleged that Murphy had like notice. In the case of either, the notice, and consequently the allegation, was alike unnecessary. Such unnecessary notice of protest was also given in Rey *et al. v.* Simpson; and it went for nothing in the decision of the case. In the complaint in that case, Marshall & Co. were called "indorsers;" but they were held to be makers.

The Civil Practice Act contains the following provisions:

" Sec. 65. Every material allegation of the complaint when it is verified, not specially controverted by the answer, shall, for the purpose of the action, be taken as true."

" Sec. 66. A material allegation in a pleading is one essential to the claim, or defense, and which could not be stricken from the pleading without leaving it insufficient."

There is but one allegation in the complaint that could be stricken out without leaving it insufficient, and that is the allegation that notice of presentation and

non-payment of the note was given to Connor.   All the
other allegations being material, and none of them being
controverted by the answer, must be taken as true.
The Plaintiff was therefore entitled to judgment in the
court below, and that judgment should be affirmed here.
Ordered accordingly.

BOREMAN, J., concurred.   EMERSON, J., dissented, and
delivered the following Opinion:

I have not been able to concur in the Opinion of the
Chief Justice in this case.

We must assume that the complaint states all the
circumstances connected with the giving of the note, and
the Defendant not having denied any of these allegations,
we must, under the statute, and for the purpose of this
action, consider them as true.   In other words, there
was no express understanding or agreement between
Plaintiff and the Defendant, Connor, at the time he put
his name upon the back of the note, what his (Connor's)
liability should be.   There is no doubt but that the
intention and agreement between the parties may be
made out by parol proof of the facts and circumstances
which took place at the time of the transaction.   There
is also no doubt but that a third person, or stranger to
the note, who puts his name upon the back of it in blank
at the time the note is made, may be held as an original
promisor, guarantor, or endorser according to the nature
of the transaction and the understanding of the parties,
and the law of the place where the transaction takes
place.

But in this case there was no agreement or under-
standing whatever, and there is no statute of the Terri-
tory upon the subject.   By what rule then shall the
contract of Defendant Connor be construed and his
liability fixed.   It seems to me that we must resort to the
law merchant, a part of the common law of the land, a
system that has grown up out of the necessities of busi-
ness.   By this law, where a stranger or third person

writes his name on the back of a promissory note, made payable to the order of the payee, to whom it is afterwards delivered, there is nothing in such an indorsement to indicate that the person making it means to be considered liable in any other character than that of a strictly commercial indorser. This note was, in legal effect, regular mercantile paper, upon which the Defendant, Connor, contracted the obligation of indorser within the law merchant, and by that obligation, and no other, he is bound.

If my view of the law is right, then the allegation in the complaint, that notice of the dishonor of the note was served upon the Defendant, Connor, is a material allegation. and it having been denied under oath in the answer, there is a material issue raised by the pleadings, and the Plaintiff was not entitled to a judgment upon them.

I am of the opinion that the judgment of the Court below should be reversed.