[No. 1718.]

COURT VALHALLA NO. 16 FORESTERS OF AMERICA v. OLSON ET AL.

1. BILLS AND NOTES—INDORSEMENT—JOINT MAKER.

Where a third person writes his name upon the back of a note before delivery to the payee and there is nothing to indicate the intention of the parties, *prima facie*, he is chargeable as a joint maker, and without reference to the time when he put his name upon the note, if he participated in the consideration for which it was given, he must be considered an original promisor.

2. SAME—PLEADING—INCONSISTENT DEFENSE.

In an action against one who wrote his name on the back of a note wherein it is sought to charge him as a joint maker, an answer that alleges that defendant was induced to indorse the note by false representations of plaintiff to the effect that the principal maker of the note as plaintiff's treasurer had defaulted, and was indebted to plaintiff and that defendant was liable as surety on his

official bond and that the indorsement was made as collateral security to secure the amount of the indebtedness when determined, is inconsistent with and contradictory of any theory that defendant signed the note as an indorser and not as a joint maker.

3. BILLS AND NOTES—FALSE REPRESENTATIONS.

In an action against a joint maker of a promissory note, an answer that defendant's signature was obtained by a false representation by plaintiff that the principal maker for whom defendant was surety was indebted to plaintiff, which representation was false, that said principal maker was not indebted to plaintiff, states a good defense to the action.

4. SAME.

In an action against a joint maker of a note, an answer that defendant's signature was obtained by a false representation by plaintiff that a bond signed by defendant was valid and defendant was legally liable thereon when in fact the bond was void states no defense to the action, as the representation as to the validity of the bond and defendant's liability thereon, was only an expression of opinion on a question of law and not a representation of fact that would constitute fraud if untrue.

5. BONDS—REFORMATION.

An indemnity bond by the treasurer of a society made payable to the people instead of to the society is not void on that account but may be reformed by making it payable to the proper payee in accordance with the intentions of the parties.

*Appeal from the District Court of Arapahoe County.*

Mr. E. W. NORLIN and Mr. O. A. ERDMAN, for appellant.

Mr. WILLIAM W. GARWOOD, for appellees.

THOMSON, J.

The appellant brought suit against the appellee upon a promissory note, of which the following is a copy:

"$614.                    DENVER, COLO., July 16, 1895.

"On or before January 1, after date, we promise to pay to the order of Alexander Broberg, as chairman of the board of trustees of the Court Valhalla, Ancient Order of Foresters, six hundred and fourteen dollars, at Denver, Colo., with in-

terest at 6 per cent. per annum from date until paid. Value received.

" CHARLES F. LINDBLAD.
" CHRISTIN LINDBLAD."

On the back of the note are the following indorsements:

" William Olson.

" Pay to the order of Court Valhalla, No. 16, Foresters of America, Alexander Broberg, Chairman of Board of Trustees, of Court Valhalla, A. F. of A."

The complaint charges the appellee, Olson, as a maker of the note, avers its nonpayment, except as to $100, and demands judgment. The answer admits the indorsement by the defendant, but denies that he signed his name as maker; it further states that the defendant did not indorse the note until about six months after it was made; that he indorsed it upon the representation of the plaintiff, which he believed, that he was liable to the plaintiff, as surety for Charles Lindblad, on a bond given by the latter to the plaintiff, as its treasurer, conditioned that he would faithfully perform the duties of his office, and turn over to his successor all moneys belonging to the plaintiff, upon which bond Lindblad was indebted to the plaintiff in the sum of about $600; that it was not true that Lindblad was indebted to the plaintiff in any sum; and it was not true that the defendant was liable upon the bond, because it was void upon its face, by reason of all of which, the defendant says that as to him the note was without consideration. For a further defense, the answer avers that the plaintiff had, before this action was brought, instituted a suit against the principal and sureties upon the bond, and that while the suit was pending, it was settled by the plaintiff, the bond cancelled, and the defendant relieved from all obligation upon it. It was also pleaded in defense, that no notice of the nonpayment of the note was ever given to the defendant, or any suit brought upon it until this suit was instituted. The plaintiff replied, averring that the note was given to make good to the plaintiff $614 of its

money which had been embezzled by Lindblad during his term of office as treasurer, and for which the defendant was liable as surety upon his bond. The replication also stated that the penalty of the bond was made payable to the people of the state of Colorado, instead of the plaintiff; but that the bond was so written by mistake and oversight, and contrary to the intentions of all the parties to it, it being their understanding and intention that the plaintiff should be the obligee. Further, the replication denied the institution of any suit upon the bond, but averred that the claim of plaintiff on account of the defalcation of Lindblad was settled by the note in suit, and that in consideration of the execution and delivery of the note, the obligors were released from all liability upon the bond.

When the case was at issue, each of the parties moved for judgment on the pleadings. The motion of the plaintiff was denied, and that of the defendant sustained. The plaintiff is here by appeal.

The defendant submits to us two propositions, which he claims the record establishes, and upon either of which, as he argues, the judgment should be sustained.

1. It is contended that because the defendant's name appears on the back of the note, his contract was that of indorser only; and that because the complaint fails to show, as the statute provides, either that the holder used due diligence by the institution and prosecution of a suit against the makers, or that the institution of such suit would have been unavailing, it fails to state a cause of action against the defendant, and judgment was properly given in his favor. The note was indorsed to the plaintiff by the payee, and the name of the defendant appears first. Where a third person writes his name upon the back of a note before its delivery to the payee, and there is nothing to indicate the intention of the parties, the decisions are at variance upon the question whether he is to be regarded as an original promisor, a guarantor or an indorser. It is needless to examine the conflicting authorities, because it is settled in this state, that, *prima*

*facie*, he is chargeable as a joint maker.   *Good v. Martin*, 2 Colo. 218.   See also *Good v. Martin*, 95 U. S. 90.   And without reference to the time when he put his name upon the note, if he participated in the consideration for which it was given, he must be considered as an original promisor. *Good v. Martin*, 1 Colo. 165 ; *Rey v. Simpson*, 22 How. 341. But notwithstanding the disagreement as to the effect of such indorsement, the courts all concede that the contract ought, in every case, to be so interpreted as to carry into effect the intention of the parties, if that intention can be ascertained.

Now the defendant, in his answer, has given us a history of the transaction, from which we think his attitude in relation to the note can easily be determined.   He says that he was induced to indorse the note by the representation of the plaintiff, that Lindblad, its treasurer, was indebted to it, and the further representation that the defendant, as co-obliger on Lindblad's bond, was bound to make good the amount due.   He says, moreover, that both the representations were false ; that Lindblad was not indebted to the plaintiff in any sum, and the plaintiff did not have a bond by the terms of which the defendant was legally bound to make good any deficit of Lindblad ; and that if he had not believed the representations to be true, he would not have indorsed the note. He also avers that when he indorsed the note, it was with the distinct understanding and agreement that it should be held by the plaintiff as collateral security until it might be determined what the liability of Lindblad was.   These statements are inconsistent with any theory that the defendant, by writing his name upon the note, intended to assume only the liability of an indorser.   One purpose of an indorsement of a negotiable instrument is the transfer of the legal title. Hence, strictly, no one but the legal holder of the instrument can be an indorser.   Of necessity the first indorser must be the payee ; and if other persons have indorsed the paper, they are held as indorsers upon the presumption that it came into the hands of each by a previous indorsement to him.

Parsons on Notes and Bills, 2; *Good v. Martin*, 95 U. S. 90. But this presumption exists only in the absence of facts showing the real character of the transaction, and, like any other presumption may be overthrown. The statements of the defendant, however, leave no room for presumption. The note never was indorsed to him, he never was its holder, and his indorsement was unconnected with any transfer of the title. The plaintiff asserted a liability against him on account of an alleged breach of the conditions of a bond he had executed, and it was in settlement of this supposed liability that he placed his name upon the note. Whether the indorsement was to be held as collateral security until the amount for which Lindblad was in default could be ascertained, as the answer states, or was given in full settlement and satisfaction of an ascertained amount, as the plaintiff avers, does not matter. In either case its consideration was a liability which, as the defendant believed at the time, had accrued against him. The result of the facts he has laid before us is that it was not the intention of the parties that the liability which he assumed, by his indorsement, should be the qualified or conditional liability of an indorser. And this conclusion is corroborated by the instrument itself. It appears upon its face that it was made for the use and benefit of the plaintiff. It was payable not to Alexander Broberg personally, but to him as a representative of the plaintiff. He therefore took it in trust for the plaintiff, and his indorsement of the paper in the same representative capacity, was simply the formal transfer to it of the legal title to paper of which it was already the equitable owner. The plaintiff was its owner from the beginning, the title never passed out of it, and there is no place among the transactions affecting the note, as they are written upon its face and upon its back, for the defendant as an indorser.

According to the defendant's own story, his contract was made directly with the plaintiff, and it was made to secure the payment to the plaintiff of an amount for which the defendant supposed he had become personally liable. These

facts did not accord with any hypothesis except that the intention of the parties was that the plaintiff should be bound as an original promisor.   He received the benefit of the consideration, and must be regarded as a maker.

2. The defendant next says that on account of false and fraudulent representations by the plaintiff, on which he relied, by which he was induced to indorse the note, and without which he would not have so done, he is discharged from any liability upon it.   Fraud will, of course, vitiate the contract. Two representations are set forth in the answer: first, that Lindblad was indebted to the plaintiff, and, second, that the bond which the defendant had signed was a valid obligation; and it is averred that both representations were false. Respecting the first, if the contract was made for the payment of an alleged indebtedness of Lindblad to the plaintiff, in the existence of which the defendant was led to believe by the statements of the plaintiff, and there was in fact no such indebtedness, the contract was without consideration.   The allegations concerning this representation present questions of fact, to the determination of which a trial is necessary, and little is said about them in the argument.   But it is insisted that the second is available, and that, as the invalidity of the bond appears upon its face, the falsity of the representation, and, therefore, the want of consideration for the note, is established by the record.   We think counsel errs both in his assumption and his conclusion.   A representation that an instrument is valid, or that a party to it is legally bound by its terms and conditions, is not the statement of a fact.   It is an expression of opinion upon a question of law, and, while it may be erroneous, it is not a false representation in the legal acceptance of the term, and cannot be made the subject of either action or defense.   But as the bond is set forth in full in the answer, we shall look into the question of its validity.   The obligors, among whom was the defendant, bound themselves to the people of the state of Colorado in a penalty to be paid by them upon certain conditions.   The sole ground upon which the invalidity of the obligation is

charged, is that it was payable, not to the plaintiff, but to the people of the state. The replication avers that the name of the people occurs in the bond by oversight and mistake, and we think that sufficient appears in the instrument itself to show that such was the case. It recites the election of Lindblad to the office of treasurer of the plaintiff, and is conditioned for the faithful performance by him of the duties of his office, and the payment to his successor of all moneys in his hands belonging to the plaintiff. It is evident from an inspection of the bond that its sole purpose was to indemnify the plaintiff against the misconduct of its treasurer. It was to the plaintiff that his duties were owing; it was to the plaintiff, through his successor in office, that he must account for moneys in his hands belonging to it; and it was the plaintiff that would sustain damage if the conditions were broken. The state had no interest in the matter; and the use of the name of the people was without authority of law, and must have occurred through inadvertence. From the form of the bond we are led to infer that it was a printed blank, pertaining to some state or county office, which had been filled out, and in which, through neglect, there was a failure to substitute the name of the plaintiff for the printed name of the people. But however this may be, in a proper proceeding it could have been reformed; and a decree for its reformation, might, under our system of practice, have been had in an action for the damages occasioned by a breach of its conditions. An instrument which may be reformed is not a void instrument. It is enforcible, and a discharge from liability upon it, is a sufficient consideration for a promise.

While the court was not warranted in giving the defendant judgment, it committed no error in denying the plaintiff's motion. Two defenses were set up, either of which, if established would defeat the action. If, as a matter of fact, Lindblad was not a defaulter, and owed the plaintiff nothing, there was no consideration for the note; or if in a suit instituted on the bond, the claim against Lindblad was settled in such manner as to discharge his obligation to the plaintiff, the

note is satisfied. As the consideration of the paper was the indebtedness of Lindblad, if that indebtedness was cancelled, there can be no recovery upon the note. To settle the rights of the parties, a trial of these issues is necessary. They involve, however, the only questions of fact which the pleadings present, and the trial should be confined to them.

The judgment is reversed.

*Reversed.*