### LAMOILLE COUNTY NAT. BANK v. STEVENS' ESTATE.

(District Court, D. Vermont. January 31, 1901.)

1. BANKRUPTCY—CLAIM AGAINST ESTATE—INDIVIDUAL OR PARTNERSHIP LIABILITY.

   A firm note separately indorsed by one of the firm is a firm obligation, whether the indorser's liability has become fixed or not, and it cannot be made the basis of a claim against his bankrupt estate as an individual debt.

2. SAME.

   A note made payable to S. & Co. was also indorsed by S. in the firm name and by M., and in seeking to make the same an individual liability of S., and hence a claim against his bankrupt estate, it was alleged that the payee claimed that the signing by S. and M. thereon made them co-

makers and co-promisors on the same with a third indorser; but the claim on the note against the partnership estate, which was also bankrupt, was referred to as a part of this claim, and showed that the note was made as collateral to various notes on which the firm was looked to as indorser. *Held*, that there was nothing to show that S. was anything but a partner as payee and indorser, and that the claim could not be maintained against his estate as an individual debt.

In Bankruptcy.

Bates, May & Simonds, for claimant.
Young & Young and W. W. Miles, for trustee.

WHEELER, District Judge. This is a claim against the individual estate of C. P. Stevens, a bankrupt, and a member of the bankrupt firm, founded upon these two notes:

"$1,000.00. Hyde Park, Vt., Jan. 4, 1896.
"One hundred twenty days from date, we promise to pay to the order of D. H. Buck, at the Lamoille County National Bank of Hyde Park, Vt., one thousand dollars, value received.

"[Signed]. C. P. Stevens & Co., Troy, Vt.
"[Indorsed] D. H. Buck.
"J. H. Martin.
"C. P. Stevens."

"$7,500.00. Hyde Park, Vt., Feb. 11, 1896.
"One hundred twenty days from date, I promise to pay to the order of C. P. Stevens & Co., at the Lamoille County National Bank of Hyde Park, Vt., seven thousand five hundred dollars, value received.

"[Signed] D. H. Buck, Troy, Vt.
"[Indorsed] C. P. Stevens & Cr
"C. C. Manuel."

It has been objected to by the trustee, and heard upon a motion to dismiss. The bankrupt law makes a sharp distinction between partnership debts and individual debts in respect to participation in partnership and individual assets. Section 5f. The question here is whether these debts, if any, were at the time of the adjudication, as between the individual and the firm, the separate debts of the individual, or the joint debts of the firm, and not whether the individual was anyhow liable for the debts.

As to the first note the claim is sought to be made individual through the separate indorsement of C. P. Stevens. But it was primarily a partnership note, and, so far as is in anywise made to appear, a partnership debt; and, if Stevens' liability as indorser had been fixed, it would still be apparently a partnership debt. There is no suggestion in the claim that his liability in this respect in any way became fixed, and a fortiori the debt remained a partnership debt without becoming an individual debt.

The individual liability upon the other note is sought to be made out by this allegation:

"The said bank claims that the signing by C. P. Stevens and C. C. Manuel, made by them upon said note, made them co-makers and co-promisors upon the same with the said D. H. Buck."

This is argued to amount to an allegation that Stevens put his own name upon the back of the note, which constituted him a maker, and that the words "& Co." were added, making the firm name, which con-

stitutes that an indorser, and thus creating these diverse liabilities out of what is apparently one signature, constituting the firm's indorsement. That a stranger to a note becomes prima facie a maker by putting his name on the back seems to be very well settled. Sylvester v. Downer, 20 Vt. 355; Rey v. Simpson, 22 How. 341, 16 L. Ed. 260; Good v. Martin, 95 U. S. 90, 24 L. Ed. 341. That the true relation of the party so signing to the note may be shown by the circumstances is made clear by these same cases. Here Stevens was one of the payees, and not a stranger. The prima facie presumption that he became a maker for the benefit of the payee would be rebutted by the circumstances that he was one of them, in the first instance, before the note went further. He was a party with the other members of the firm, and could be, and, prima facie, so far as his own name might go, would be, an indorser. His name was not left to stand alone, however, but was extended till it became the firm name, which was the payee. This explained his relation to the note, if it was not clear before, and showed him to be an indorser as one of the firm. That shows the liability to be, if anything, a partnership debt. Furthermore the claim upon this note against the partnership estate is referred to as a part of this claim, and, without approving of that practice, that claim is looked into in this respect, and it shows that this note was made as collateral to various notes upon which the firm was looked to as indorser. The consideration was therefore a partnership matter. It is suggested that whether Stevens was a maker or an indorser should be tried, and that the claim should not be rejected, but be retained for that purpose. There is not, however, anything set forth, and could not consistently be, to make Stevens' relation to the note anything but that of a partner as payee and indorser, and the claim as it stands or can be made cannot be maintained as an individual debt. Claim rejected.