Maxwell, J,
June 22,1900, appellee filed in the court below bis verified complaint wherein he alleged that November 23, 1898, he commenced an action against appellant in the circuit court of Cook county, Illinois, by the issuance of summons, which summons was duly and personally served upon appellant; that appellant entered his appearance in said action in person and by attorney; that February 5, 1900, judgment was rendered by the circuit court of Cook county, Illinois, against appellant and in favor of appellee for $499.26 damages and $10.75 costs; that no.part of such judgment or costs had been paid. Prayer for judgment and interest.
To this complaint numerous dilatory motions, pleadings and pleas were filed.
December 10, 1900, plaintiff’s demurrer to defendant’s answer was heard and sustained and defendant granted seven days within which to amend his answer.
December 20, 1900, defendant’s default for failure to comply with the order of the court, to file an amended answer within seven days, was entered, and upon motion of plaintiff, judgment on the pleadings was entered in favor of plaintiff and against defendant for $545.71 and costs.
*247 It appears that defendant was represented by counsel in court at the time this judgment was rendered.
An exception to this judgment was saved.
The case is here on appeal from that judgment.
The only error assigned is: “ The court erred in rendering judgment in favor of plaintiff and against the defendant in the Sum of $545.71, without making his proof. ’ ’
Counsel for appellant in his brief abandons this assignment of error, and urges that the court erred in sustaining the plaintiff’s demurrer to defendant’s answer, and for this error the judgment should be reversed.
There are two answers to this contention.
First: The ruling of the court complained of is not before this court for review, as it is.not presented by the assignment of error and therefore we cannot consider it. — Kiskadden v. Allen, 7 Colo. 206, 208; Barnes v. Beighly, 9 Colo. 475, 478; Patrick Co. v. Skoman, 1 Colo. App. 323, 326.
Second: The abstract of record filed by the appellant does not set forth the answer of defendant to which the plaintiff’s demurrer was interposed and sustained, so that even if this court felt disposed to go into this question, there is nothing presented by the abstract of record upon which an opinion could be passed.
As stated, the complaint was verified. . In addition to this, it appears that some three months previous to the rendition of the judgment by the court below, an authenticated transcript of the proceedings and judgment of .the circuit court of Cook county, Illinois, was filed in the court below.
See. 53, Colorado code, provides that, upon failure of the defendant to plead in such time as ordered by the court, judgment by default may he entered.
*248 Sec. 74 provides that when a demurrer is decided in term time or vacation, the court or judge may fix the time for pleading over, and filing amended pleadings, and if the same be not filed within the time so fixed, judgment by default may be entered.
Sec. 168 provides that, if the defendant fails to answer within such further time as may have been granted, the clerk, upon application of the plaintiff, shall enter the default of the defendant and immediately thereafter, if the complaint shall have been properly verified, enter judgment for the amount specified in the summons.
Either of the above sections of the code afford authority for the action of the court in the rendition of the judgment appealed from.
There being no error, in the record, the judgment will be affirmed. Affirmed.