URIAH VAUGHAN v. THE RALEIGH AND GASTON R. R. COMPANY.

Where an Agent of a Rail Road Company was introduced in its behalf, to prove that certain goods were not delivered to the Company as a common carrier, it was competent for this purpose to show that it was the custom of the Company to weigh, mark and book such goods ; those in question not having been so treated.

CASE, tried before *Gilliam, J.*, at Spring Term 1868, of the Superior Court of HERTFORD.

The plaintiff sought to charge the defendant as a common

carrier, with the value of seven and a half bales of cotton alleged to have been stolen while in the defendant's possession. The evidence was that the plaintiff's agent, one Futrell, took a quantity of cotton to the depot at Henderson and offered to deliver it to the defendant's agent, one Moore. The defendant had an old and a new warehouse at Henderson, and Moore told Futrell that he had room for only eight bales. These he received and stored in the new warehouse. The other bales, twenty-seven in number, were put by Futrell in the old warehouse, of which the key was given him by Moore. Shortly afterwards the old warehouse was broken open, and seven and a half bales stolen. Moore was introduced for the defendant, and testified that the old warehouse was not used by the Company, and that of this Futrell was aware; that the proposition to deposit the cotton in the old warehouse was made by Futrell and nothing was said as to who should bear the risk; that the eight bales were weighed, marked and booked, but the others were not so weighed, &c. The defendant also offered to prove in this connection, by Moore, that it was the custom of the Company, at the Henderson depot, to weigh, mark and book bales of cotton immediately after they were received for transportation. This evidence was objected to, and excluded by the Court; and the defendant excepted.

Verdict and judgment for the plaintiff, and appeal by the defendant.

*Moore*, for the appellant.
*Smith* and *Bragg, contra.*

READE, J. As bearing upon the question whether the Rail Road had received the cotton for transportation as a common carrier, and as confirmatory of the statement of the Agent that it *had not*, the defendant offered to ask the Agent whether it was not the custom to weigh and mark goods as they were taken for transportation, the goods in question not having been weighed and marked. The evidence as to the

custom was ruled out. In this there was error; and for this error there must be a *venire de novo*.

The learning upon the question will be found in the authorities cited at the bar. See especially *Price* v. *Earl of Torrington*, 1 Salk., 285, (1 Sm. L. C., [390.])

PER CURIAM.            *Venire de novo.*