## BANK OF STATESVILLE v. L. PINKERS & CO.

*Leading Question—Evidence—Usage—Judge's Charge.*

1. The allowance of a leading question is not assignable for error.
2. The usage of a particular bank, known and acted upon by its customers, may be proved to modify the general law-merchant, as applicable to such bank.
3. It is not error for the court to caution the jury that they must find their verdict upon what is actually adduced in evidence, and not upon conjectures arising from a (seeming) withholding of the testimony of better informed witnesses.
4. Where the appellant, sued as the drawer of a dishonored bill, contends that he did not intend, by an entry on such bill, to waive presentment for payment, and the jury pass upon such question of fact, without exceptions as to the evidence thereon, this court will not review their finding.
5. Where the drawer of a bill, sued thereon, admits in his answer that the same is the property of the plaintiff, he cannot thereafter be heard to contend that the bill, being unendorsed, had no vitality as a contract and, hence, admits of no beneficial interest in the holder.

(*Vaughan* v. *R. R. Co.*, 63 N. C., 11, cited and approved.)

CIVIL ACTION tried at Spring Term, 1880, of IREDELL Superior Court, before *Gilmer, J.*

Judgment for plaintiff, appeal by defendants.

*Messrs. D. M. Furches, J. M. Clement, G. N. Folk* and *J. M. McCorkle,* for plaintiff.

*Messrs. Reade, Busbee and Busbee,* for defendants.

SMITH, C. J.    The action is brought against the defendants, the drawers of a bill which is in these words :

"STATESVILLE, N. C., Nov. 17, 1875.

Sixty days after date pay to the order of ourselves seven hundred and seventy-six° dollars, value received and charge the same to account of

To Leederman Bros.,                          L. PINKERS & Co.

New York.    $776."

On the face of the draft was written, "Acceptance waived. L. Pinkers & Co."    The draft was made and delivered to the plaintiff for an antecedent indebtedness and upon no other consideration than the specified forbearance.

The defence, set up by the defendants, in opposition to the recovery, was the plaintiff's failure to present the draft at its maturity to the drawees for payment, and the discharge in consequence of such neglect.    Two issues were prepared and submitted. the substance of the finding of the jury on which is that the draft was drawn and accepted with an understanding and agreement between the plaintiff and the defendants, that the draft should be held and not presented for payment, and that such presentation for payment was waived.

1. During the trial before the jury the plaintiff put to one of its witnesses the following question :    "Was there a general custom with the bank to receive papers for discount without any purpose or practice on its part to present them for payment? and if so, did the defendants know of it at

the time they delivered the draft?" The question and the affirmative response thereto were, on objection from the defendants, admitted. The objection to the reception of proof of the usage of the bank, and the defendants' knowledge of that usage is not put as it should be, upon any specific ground, and we only know upon what it rests from the argument. Its admissibility is contested here as being a leading question, and the testimony itself as incompetent to control or vary a well settled rule of mercantile law in regard to negotiable paper.

The objection to the form of the question as leading, is disposed of in the recent case of .................... ................... recognizing the rule laid down by GREENLEAF that "when and under what circumstances a leading question may be put, is a matter resting in the sound discretion of the court and not a matter which can be assigned for error." 1 Greenl. Ev., § 435; *Moody* v. *Rowell,* 17 Peck., 498, where the subject is carefully considered.

The second ground is equally untenable. Proof of usage among banks in a particular locality has been allowed to modify the days of grace, as prescribed by the law-merchant, and to affect those dealing without, as was decided in *Renner* v. *Bank,* 9 Wheat., 581, which, with a series of cases in the appended note, may be found in Red. & Big. Lead. Cases on Bills of Exchange, 297.

So in *Vaughan* v. *R. R. Co.,* 63 N. C., 11, the defendant was allowed to prove "a custom of the company at the Henderson depot to weigh, mark and book bales of cotton immediately after they were received for transportation," upon a question of the reception of the plaintiff's goods for transportation and to qualify its liability therefor.

But the usage here is brought home to the defendants and enters into their contract with the plaintiff. Undoubtedly the drawer and endorser of a bill may by express agreement dispense with conditions essential under the general

law to charge him, and may in place of a contingent, assume a direct and absolute obligation as the defendants are alleged to have done in the present case.

2. The defendants' counsel adverting to the absence of one Howell, with whom the conversation heard and testified to by another of the officers of the bank, took place, and insisting upon a presumption that his examination would have been unfavorable to the plaintiff's case, was interrupted by the counsel of the latter, and thereupon admitted that the absent witness had been summoned and was too unwell to be in attendance at the trial. Adverting to this matter, the court instructed the jury "that they would be going outside the sphere of their duties, if they allow their verdict to be controlled by considerations based upon the non-introduction, as witnesses, of the defendants or of Howell, and that neither the jury nor the court knew what they would testify, if examined. The parties had gone to trial upon the evidence to which their attention had been called, and they must stand or fall by such evidence."

The charge contains a timely and appropriate caution to the jury, in view of what had occurred, and properly recalled their attention to the evidence upon which the verdict should be rendered. It is subject to no just complaint and meets our full concurrence.

The argument for the appellant in this court assigns several errors as apparent on the record, although not the subject of exceptions in the court below.

1. It is contended that the evidence adduced shows that a presentation of the draft for acceptance only was raised, and not its presentation at maturity for payment, and this appearing upon a fair construction of the case, the defendants are exonerated : The answer to this is furnished in the record itself. The answer avers that the defendants have never received notice of any demand on the drawees, or of their neglect or refusal " to pay said order " and that they

are thereby discharged. The case presented to this court puts a construction on the answer as admitting the waiver of presentation for acceptance alone, and not a waiver of presentation for payment when the draft became due, on which the defendants' liability depended. And so, an issue involving the point is submitted and passed on by the jury. Their verdict is conclusive and no exception can be heard for the first time in this court to the want or insufficiency of the evidence to support the finding. It would seem superfluous to repeat that we regard the evidence, when sent up, as confined to the exceptions and intended only to illustrate and explain them, and not as furnishing material for others to be taken in this court. The observance of this rule is essential to the just administration of the law between suitors, and we are not disposed to relax it.

It is again objected that the draft, being unendorsed has no vitality or force as a contract, and hence admits of no beneficial interest in the bank : The defence is not set up in the answer which in the second clause admits " the existence of the order " described in the complaint, and that they, the defendants, are informed and believe " the same is tne property of the bank of Statesville, a corporation existing under the laws of the state of North Carolina.'' This answer was put in before the bank became a co-plaintiff and is a recognition of property in the bank and its right to the money due on the draft, if the claim to a discharge upon the ground stated is not maintainable. But the objection rests upon a misapprehension of fact. The defendants have not only drawn, but endorsed and delivered the bill, annexing to their endorsement a waiver of presentation for acceptance, and although the endorsement is in blank, the plaintiff's name could have been inserted at the trial as endorsee. As the exception then taken was removable, it cannot now be entertained.

It must therefore be, declared there is no error in the ruling of the court and the judgment is affirmed.

No error.                                    Affirmed.