GEORGE B. BAKER *vs.* BENJAMIN ROBINSON, HENRY L. MYROVER and THOS. S. LUTTERLOH.

Endorsements by third persons of a note payable by A to B,—if made at the time of its execution, bind them, according to the intention of the parties, either as joint principals or as sureties.

ASSUMPSIT, tried before *Buxton, J.,* at Fall Term 1868 of the Superior Court of CUMBERLAND.

The suit was brought upon four promissory notes made by Robinson, and payable to Baker. At the time that they were delivered to Baker they had upon them the endorsement of Myrover and Lutterloh, and it was in evidence that they intended thereby to become *sureties* to Robinson.

No demand was made upon Robinson before bringing this suit.

For Myrover and Lutterloh it was insisted, below, that they were mere guarantors, and therefore, that a previous demand upon Robinson, with notice to them of his failure to pay, was necessary.

His Honor was of opinion that the peculiar character of the guaranty in question, rendered such previous demand unnecessary.

Verdict, for the plaintiff; Rule for a new trial; Rule discharged; Judgment, and appeal.

*B. Fuller,* for the appellants, cited: *Nichols* v. *Pool,* 2 Ire. 23; *Johnson* v. *Hooker, Ib.* 29; *Yancey* v. *Littlejohn,* 2 Hawks, 525; *Johnson* v. *McGinn,* 4 Dev., 277; Story, Prom. Notes 142; *Topping* v. *Blount,* 11 Ire. 62; *Farrow* v. *Respass, Ib.* 170.

*R. H. Battle, contra.* The present, as regards Myrover and Lutterloh is a contract of suretyship; 1 Par. Con. 206, and n.; *Ray* v. *Simpson,* 22 How. U. S. 341. If Myrover and Lutterloh be guarantors, they must show themselves *damaged* by the alleged laches of plaintiff, or he may still recover. *Farrow* v. *Respass,* 11 Ire. 170.

SETTLE, J. The subject of this suit is four notes of hand, each in the following words and figures, to wit:

" $362 50.          WILMINGTON, N. C., Nov. 9th, 1866.

Ninety days after date I promise to pay George B. Baker or bearer, three hundred and sixty dollars and fifty cents, for value received, with interest from date at 8 per cent.
(Signed)                    BENJ. ROBINSON."

On the back of each, were endorsed in blank, the names of Henry L. Myrover and Thomas S. Lutterloh.

In interpreting contracts, we should endeavor to carry out the intention of the parties. It appears that the defendants, Myrover and Lutterloh, put their names upon the back of these notes at the time they were made, and before they were delivered to the plaintiff, and that their purpose w as to give the weight of their names as sureties for the maker, and for his accommodation. " If any one, not'the payee of a negotiable note, or in the case of a note not negotiable if any party, writes his name on the back of the note at the time it is made, his signature binds him in the same way as if it was on the face of the note and below that of the maker. " 1 Par. on Con. 206.

In *Ray, et al,* v. *Simpson,* 22 How. 341, a case directly in point, it was held, that the parties placed their names on the back of the note at its inception, " not as a collateral undertaking, but as joint promisors with the maker, and were as much affected by the consideration paid by the plaintiff, and as clearly liable in the character of original promisors, as they would have been if they had signed their names under the names of the other defendants upon the inside of the instrument."

These general principles establish the character and liability of Myrover and Lutterloh, the only defendants before this Court.

Our conclusion is that they are sureties, liable to the plaintiff in the same manner as if their names had been signed upon

the face instead of the back of these notes.   This being so, of course no demand upon Robinson was necessary before suing Myrover and Lutterloh, and his Honor very properly declined to charge the jury that there was evidence of laches on the part of the plaintiff.  .

It is unnecessary to express any opinion as to what would have been their liability as guarantors, or as endorsers in the commercial sense, as we have seen that they are sureties.

The judgment below must be affirmed.

PER CURIAM.                              No error.