GOOD v. MARTIN.

1. In a sui upon a promissory note, the court below charged the jury that if the defendant, without making any statement of his intention in so doing, wrote his name on the back of the note before its delivery to the payee, he is presumed to have done so as the surety of the maker, for his accommodation, and to give him credit with the payee; and that, if such presumption is not rebutted by the evidence, he is liable on the note as maker. *Held*, that the charge was not erroneous.

2. The proviso to the third section of the act of Congress, approved July 2, 1864 (13 Stat. 351), that in the courts of the United States no witness shall be excluded in any civil action because he is a party to, or interested in, the issue tried, has no application to the courts of a Territory.

3. The act of the Territory of Colorado of Feb. 11, 1870, rendering parties to a suit competent witnesses, did not apply to cases which were at issue at the time of its passage.

ERROR to the Supreme Court of the Territory of Colorado.

This action was brought by Ida Martin, the defendant in error, in the District Court of Arapahoe County, Colorado Territory, against Parker B. Cheeney, William N. Shepard, and John Good, as joint makers of a certain promissory note executed there June 29, 1866, and payable sixty days thereafter to the order of Alexander Davidson, by whom it was, before maturity, indorsed to the plaintiff. The note was signed by the first two defendants, and, before its delivery to the payee thereof, indorsed in blank by Good:

Judgment by default was rendered against Cheeney and Shepard. Good appeared, and pleaded the general issue.

There was a judgment against all the defendants, which was affirmed by the Supreme Court of the Territory. Good sued out this writ of error.

As the other facts in the case, as well as the assignments of error, are fully set out in the opinion of the court, they are omitted here.

*Mr. Richard T. Merrick* and *Mr. M. F. Morris* for the plaintiff in error.

1. The rule of law is, that a party whose name appears on the back of a negotiable instrument, under circumstances like those connected with this note, is *prima facie* an indorser; that parol testimony is admissible to show in what character he signed, whether as surety, guarantor, or indorser; that the

presumption of law does not arise to charge the party as surety, but favors his being regarded as an indorser; and that it is incumbent on the plaintiff who seeks to make him liable as a maker to rebut that presumption. The instruction of the court on this point was, therefore, erroneous. *Rey* v. *Simpson*, 22 How. 341; Story, Pr., sect. 133.

2. The exclusion of the defendants Good and Shepard as witnesses, because of their interest, was also erroneous.

The sixteenth section of the act of Congress of Feb. 28, 1861, 12 Stat. 176, organizing the Territory of Colorado, provides that all laws of the United States which are not locally inapplicable shall have the same force and effect within that Territory as elsewhere within the United States. The act of July 2, 1864, 13 id. 351, declaring that in the courts of the United States no witness shall be excluded in any civil action because he is a party to or interested in the issue tried, is not locally inapplicable; and the territorial court, though but a legislative court, is still a court of the United States, entirely liable to be controlled in all things by the laws of Congress. There is, therefore, no reason why the latter act should not have been applied to this case.

Again, it does not appear very plainly why the territorial act of 1870, rendering parties to suits competent witnesses, though passed after issue was joined in this case but before the trial took place, should not have governed. The legislative power may modify or change existing remedies without thereby impairing the rights of parties, and questions of practice are to be determined in accordance with the forms in force at the time of trial. *Calder* v. *Bull*, 3 Dall. 386; *Baltimore, &c. Railroad Co.* v. *Nesbit*, 10 How. 395.

*Mr. H. C. Alleman, contra.*

MR. JUSTICE CLIFFORD delivered the opinion of the court.

Decisions of a conflicting character exist as to the nature and legal effect of the obligation which a third person assumes who indorses his name in blank on a negotiable promissory note before the payee and before the instrument is delivered to take effect. Courts of justice, in some jurisdictions, hold that such a party is a second indorser, even though it be true that the payee

may never indorse the instrument. *Phelps* v. *Vischer*, 50 N. Y. 69 ; *Shafer* v. *Farmers' & Mechanics' Bank*, 59 Penn. St. 144.

Even elementary rules show that he cannot be first indorser, for the reason that he is not payee ; and it is well settled law that no one but the payee can sustain that relation to the maker, or put the note in circulation as a negotiable instrument. *Essex Company* v. *Edmunds*, 12 Gray (Mass.), 272 ; *Moies* v. *Bird*, 11 Mass. 436.

Three of the counts of the declaration are framed upon a promissory note, dated June 29, 1866, payable to Alexander Davidson or order sixty days after date, signed by the first two defendants ; and the record shows that it was indorsed by Good, the other defendant, before it was indorsed by the payee, and before it was delivered to take effect as a negotiable instrument. His indorsement was in blank, and, of course, was without any written explanation as to its nature and intended effect.

Besides the three counts framed upon the promissory note, the declaration also contained the common counts, in which it was alleged that the defendants were indebted to the plaintiff in the sum of $2,000 for work and labor done and performed, and in the same sum for goods, wares, and merchandise sold and delivered, and in the same sum for money had and received, and other counts *in indebitatus assumpsit.*

Service was made ; but the two defendants first named failed to appear, and were defaulted. Instead of that, Good appeared, pleaded the general issue, and went to trial. Evidence was introduced on both sides ; and the verdict and judgment were for the plaintiff in the sum of $3,625.33. Exceptions were filed by Good ; and he sued out a writ of error, and removed the cause into this court.

Only two of the exceptions are embodied in the assignment of errors, and those only will be re-examined : 1. That the court erred in instructing the jury that if they found from the evidence that the defendant wrote his name upon the back of the note before the delivery of the same to the payee, and that he did not then make any statement of his intention in so doing, he is presumed to have done so as the surety of the makers, and for their accommodation, to give them credit with the payee,

and is liable for the payment of the note in this action, and that if that presumption is not rebutted by the evidence in the case, they must find for the plaintiff in the issue joined between her and Good. 2. That the court erred in excluding the testimony of the two defendants called as witnesses by Good.

Decided cases almost innumerable affirm the rule, that, if one not the promisee indorses his name in blank on a negotiable promissory note before it is indorsed by the payee, and before it is delivered to take effect as a promissory note, the law presumes that he intended to give it credit by becoming liable to pay it either as guarantor or as an original promisor. *Bryant* v. *Eastman*, 7 Cush. (Mass.) 111; *Benthal* v. *Judkins*, 13 Met. (Mass.) 265; *Colbun* v. *Averill*, 30 Me. 310.

Different courts, as remarked in that case, hold different views in respect to the question here involved; but all concur that such an act constitutes a contract which is to receive a reasonable and an available construction. Great conflict exists in the decided cases; but the better opinion is, that there are certain general rules and principles to be followed in the interpretation of such a contract, which, in the absence of other evidence, will lead to satisfactory results, even amid the conflicting decisions.

Beyond all doubt, the contract should be construed as it was at the time it was made. If made at the inception of the note, it is presumed to have been for the same consideration and a part of the original contract expressed by the note. If made subsequently to the date of the note and without a prior indorsement by the payee, it will be presumed that it was not made for the same consideration, and the party, if liable at all, will be regarded as a guarantor. Such a contract to guarantee the debt of a third person must be in writing, and there must be sufficient proof of the consideration. *Brewster* v. *Silence*, 8 N. Y. 207; *Leonard* v. *Vredenburg*, 8 Johns. (N. Y.) 29; *Hall* v. *Farmer*, 5 Den. (N. Y.) 484.

These remarks apply where the third person indorses the note before the payee; but, where such a person indorses the note after a prior indorsement by the payee, the law presumes it to have been done in aid of the negotiation of the note, and the party will be regarded as a subsequent indorser,

the rule being, that, if the indorsement is without date, it will be presumed to have been made at the inception of the note. *Ranger* v. *Cary*, 1 Met. (Mass.) 369; *Noxon* v. *De Wolf*, 10 Gray (Mass.), 343; *Collins* v. *Gilbert*, 94 U. S. 753.

Irregularities of the kind in the execution of promissory notes are noticed by Judge Story in his work on Promissory Notes, and he says that the maker and such a party are both to be deemed original promisors, and the note a joint and several promissory note to the payee, although as between the maker and the other party they stand in the relation of principal and surety. Standard authorities, too numerous for citation here, are referred to by the author in support of the proposition. Story, Pr., sect. 58; *Sylvester* v. *Downer*, 20 Vt. 355; *Lewis* v. *Harvey*, 18 Mo. 74; 1 Parsons, Contr. (6th ed.) 243.

None will deny, it is presumed, that the cases cited sustain the proposition where the third person indorses his name in blank on the note at the time when it was made and before it was indorsed by the payee; and the same learned author admits that the rule would be otherwise if the party actually wrote his name at a subsequent period, unless it was done in compliance with an agreement made before the note was executed. *Hawkes* v. *Phillips*, 7 Gray (Mass.), 284; *Leonard* v. *Wilder*, 36 Me. 265; *Champion* v. *Griffith*, 13 Ohio, 228. Prior decisions of this court are to the same effect, as appears by the following citation. *Rey et al.* v. *Simpson*, 22 How. 341.

When a promissory note made payable to a particular person or order is first indorsed by a third person, such third person is held to be an original promisor, guarantor, or indorser, according to the nature of the transaction and the understanding of the parties at the time the transaction took place.

1. If he put his name in blank on the back of the note at the time it was made and before it was indorsed by the payee, to give the maker credit with the payee, or if he participated in the consideration of the note, he must be considered as a joint maker of the note. *Schneider* v. *Schiffman*, 20 Mo. 571; *Irish* v. *Cutler*, 31 Me. 536.

2. Reasonable doubt of the correctness of that rule cannot be entertained; but if his indorsement was subsequent to the making of the note and to the delivery of the same to take

effect, and he put his name there at the request of the maker, pursuant to a contract of the maker with the payee for further indulgence or forbearance, he can only be held as guarantor, which can only be done where there is legal proof of consideration for the promise, unless it be shown that he was connected with the inception of the note.

3. But if the note was intended for discount, and he put his name on the back of the note with the understanding of all the parties that his indorsement would be inoperative until the instrument was indorsed by the payee, he would then be liable only as a second indorser, in the commercial sense, and as such would clearly be entitled to the privileges which belong to such an indorser.

Considerable diversity of decision, it must be admitted, is found in the reported cases where the record presents the case of a blank indorsement by a third party, made before the instrument is indorsed by the payee and before it is delivered to take effect, the question being whether the party is to be deemed an original promisor, guarantor, or indorser. Irreconcilable conflict exists in that regard; but there is one principle upon the subject almost universally admitted by them all, and that is, that the interpretation of the contract ought in every case to be such as will carry into effect the intention of the parties, and in most cases it is admitted that proof of the facts and circumstances which took place at the time of the transaction are admissible to aid in the interpretation of the language employed: *Denton* v. *Peters*, Law Rep. 5 Q. B. 475.

Facts and circumstances attendant at the time the contract was made are competent evidence for the purpose of placing the court in the same situation, and giving the court the same advantages for construing the contract which were possessed by the actors. *Cavazos* v. *Trevino*, 6 Wall. 773.

Courts of justice may acquaint themselves with the facts and circumstances that are the subjects of the statements in the written agreement, and are entitled to place themselves in the same situation as the parties who made the contract, so as to view the circumstances as they viewed them, and so to judge of the meaning of the words and of the correct application of the language to the things described. *Shore* v. *Wilson*, 9 Cl

& Fin. 352; *Clayton* v. *Grayson*, 4 Nev. & M. 602; Addison, Contr. (6th ed.) 918; 2 Taylor, Evid. (6th ed.) 1035.

Evidence to show that the indorsement of the defendant in this case was made before the instrument was indorsed by the payee or delivered to take effect was admitted without objection; but it is not necessary to rest the decision upon that suggestion, as it is clear that the evidence would have been admissible, even if seasonable objection had been made to its competency. *Hopkins* v. *Leek*, 12 Wend. (N. Y.) 105.

Like a deed or other written contract, a promissory note takes effect from delivery; and, as the delivery is something that occurs subsequently to the execution of the instrument, it must necessarily be a question of fact when the delivery was made. Parol proof is, therefore, admissible to show when that took place, as it cannot appear in the terms of the note. 2 Taylor, Evid. (6th ed.) 1001; *Hall* v. *Cazenove*, 4 East, 477; *Cooper* v. *Robinson*, 10 Mee. & W. 694.

Opposed to that the suggestion is, that, if a holder produces a note having a blank indorsement of one not the payee, the presumption is that it was made at the inception of the instrument. *Childs* v. *Wyman*, 44 Me. 433. Grant that, and still it is a mere presumption of fact, which may be rebutted and controlled by parol proof, that it was not there when the note was delivered, or that it was made at a subsequent date. *Essex Company* v. *Edmunds*, 12 Gray (Mass.), 273.

Third persons indorsing a negotiable promissory note before the payee, and before it is delivered to take effect, cannot be held as first indorsers, for the reason that they are not payees; and no party but the payee of the note can be the first indorser, and put the instrument in circulation as a commercial negotiable security. Such a third party may, if he chooses, take upon himself the limited obligation of a second indorser; but, if he desire to do so. he must employ proper terms to signify that intention, the rule being that a blank indorsement supposes that there are no such terms employed, and that he is liable either as promisor or guarantor.

Blank indorsements may be filled up to express the legal contract; and the true commercial rule is, that, when the blank is filled. the instrument shall have the character of a written

instrument, and not depend on parol proof to give it effect, nor be subject to be altered or contradicted by parol proof. Indorsements of the kind are or may be valid, as the law presumes that such an indorser intended to be liable in some form. It does not charge him as indorser, unless the terms employed are proper to express such an intent; but if any one not the payee of a negotiable note, or, in the case of a note not negotiable, if any party writes his name on the back of the note, at or sufficiently near the time it is made, his signature binds him in the same way as if it was written on the face of the note and below that of the maker; that is to say, he is held as a joint maker, or as a joint and several maker, according to the form of the note. Cases also arise where the signature of a third person is subsequent to the making and delivery of the note, and in that case the third person, as to the payee, is not a maker, but a guarantor, and his promise is void if without consideration; but the consideration may be the original consideration if the note was received at his request and upon his promise to guarantee the same, or if the note was made at his request and for his benefit. 1 Parsons, Contr. (6th ed.) 244.

Judge Story says that the interpretation ought to be just such as carries into effect the true intention of the parties, which may be made out by parol proof of the facts and circumstances which took place at the time of the transaction. If the party intended at the time to be bound only as guarantor of the maker, he shall not be an original promisor; and, if he intended to be liable only as a second indorser, he shall never be held to the payee as first indorser. Story, Pr., sect. 479.

Where the evidence on these points is doubtful, obscure, or totally wanting, courts of law adopt rules of interpretation as furnishing presumptions as to the actual intention of the parties. Difficulty in that regard can never arise where the indorsement is special, if it contains words proper to show that the party intended to be liable only as second indorser. Where the indorsement is in blank, if made before the payee, the liability must be either as an original promisor or guarantor; and parol proof is admissible to show whether the indorsement was made before the indorsement of the payee and before the instrument was delivered to take effect, or after the payee had become the

holder of the same ; and, if before, then the party so indorsing the note may be charged as an original promisor, but if after the payee became the holder, then such a party can only be held as guarantor, unless the terms of the indorsement show that he intended to be liable only as second indorser, in which event he is entitled to the privileges accorded to such an indorser by the commercial law.

Whether regarded as a second indorser or an original promisor, it is not necessary to allege or prove any other than the original consideration ; but, if it be attempted to charge the party as a guarantor, a distinct consideration must appear. *Essex Company* v. *Edmunds,* 12 Gray (Mass.), 272 ; *Brewster* v. *Silence,* 7 N. Y. 207.

Viewed in the light of these suggestions, it is clear that the first assignment of error must be overruled.

Territorial courts are not courts of the United States, within the meaning of the Constitution, as appears by all the authorities. *Clinton et al.* v. *Englebrecht,* 13 Wall. 434 ; *Hornbuckle* v. *Toombs,* 18 Wall. 648. A witness in civil cases cannot be excluded in the courts of the United States because he or she is a party to, or interested in, the issue tried ; but the provision has no application in the courts of a Territory where a different rule prevails. 13 Stat. 351 ; *Bowman* v. *Noyes,* 12 N. H. 302 ; *Bridges et al.* v. *Armour et al.,* 5 How. 91 ; *Bailey* v. *Knapp,* 19 Penn. St. 192 ; *Halz* v. *Snyder,* 26 id. 511.

Suppose that is so, then the two defendants called as witnesses were rightly rejected as witnesses. 13 Stat. 351.

Special reference is made to the territorial act of the 11th of February, 1870, as inconsistent with the ruling of the court ; but that act contains the following proviso : that the act " shall not apply to cases pending at the passage thereof in the district courts, on appeals from justices of the peace, nor to cases at issue at the passage of the same in the district and probate courts." Sufficient appears to show that the case before the court was at issue in the court below one whole year before the passage of that act.

Tested by these considerations, it is clear that the second assignment of error must also be overruled, and that there is no error in the record.         *Judgment affirmed.*