JONAS HOFFMAN v. JAMES O. MOORE and others.

*Negotiable Instrument—Endorsement—Evidence.*

1. One who endorses a negotiable paper before the payee has become the holder is liable as an original promisor, but if it be after the payee has become the holder, then such party can only be held as guarantor, unless a different intent is deducible from the terms of the endorsement.

2. Parol evidence is admissible to control the effect of a blank endorsement, as between the immediate parties thereto.

3. The burden of proof is upon him who seeks to avoid, by parol averment, the ordinary legal effect of a blank endorsement.

4. Bat. Rev., ch. 10, § 10 is not intended to determine who are endorsers, but merely to fix the liability of those whose relation as such is admitted or undeniable.

(*Baker* v. *Robinson*, 63 N. C., 191 ; *Mendenhall* v. *Davis*, 72 N. C., 150 ; *Hill* v. *Shields*, 81 N. C , 250, cited and approved.)

CIVIL ACTION tried at Fall Term, 1879, of GASTON Superior Court, before *Buxton, J.*

The plaintiff brings his action to recover the balance due on a promissory note under seal as follows :

"$3,000          On the first day of January, 1876, with interest from the 1st day of June, 1875, at eight per cent per annum, I promise to pay Jonas Hoffman the sum of three thousand dollars for value received.

Witness my hand and seal, this —— day of ———, 1875.
                    JAMES O. MOORE.          [SEAL.]"

On the back of the note are signed the names of J. H. Wilson, Jr., Wilson, Moore & Co., E. C Wilson and E. A. Osborne.

On the trial it appeared in evidence that the plaintiff sold and conveyed a tract of land to the firm of G. W. McKee & Co. for the sum of three thousand dollars, and took their note therefor, secured by a mortgage upon the property. They sold the land to Wilson, Moore & Co., consisting of the defendants J. H. Wilson, Jr., J. W. Moore and James O. Moore, for six thousand dollars, on the terms of their taking up the note in the hands of the plaintiff, and paying the residue in money. The plaintiff, to enable them to comply with their contract, on application, surrendered to the defendants, Wilson and J. O. Moore, the note of G. W. McKee & Co., and entered satisfaction of the mortgage upon the registry, and received in place thereof the note sued on in the form and with the endorsements before stated. There was no evidence offered of any agreement or understanding among those who endorsed the note, as to the liabilities they thereby incurred, and it was without explanation delivered to the plaintiff.

The defendants, Wilson and Osborne, asked the following instruction : " That the defendants are not in law endorsers." The court declined so to charge, and after recapitulating the evidence, instructed the jury that " if the defendants J. H. Wilson, Jr., and E. A. Osborne placed their names on the back of the note, before its delivery to Jonas Hoffman, with the intention of giving it credit with him, and to induce

him to take it, without in any way qualifying their liability, then they are in law sureties to the maker, and the jury should so find." The jury in their verdict say that these defendants did, each of them intend, by putting their names on the note, to become sureties for the payment thereof. The defendant E. C. Wilson being a feme covert, judgment was rendered against the defendants J. O. Moore, J H. Wilson, Jr., and E. A. Osborne only, from which the two last named appealed.

*Messrs. Hoke & Hoke,* for plaintiff.
*Messrs. Wilson & Son* and *W. P. Bynum,* for defendants.

· SMITH, C. J. The question to be solved is simply this: What liability is incurred by a person who not being in privity with the written contract, writes his name on the back of a negotiable security before its delivery to the payee, and if open to explanation upon whom does the burden of proof rest?

There is great diversity of opinion in the rulings of the courts and among elementary writers upon the point. By some of the authorities he is held to be liable as a second endorser; by others that he is a guarantor only of the debt; by some that he is a surety, and by the larger number that he must be regarded *prima facie* as a joint maker. 1 Danl. Neg. Inst. § 713, and cases referred to in notes. 1 Pars. Cont. 206; *Ray* v. *Simpson,* 22 How. 341. There is however a general concurrence of opinion that as between the immediate parties, their understanding of the obligation assumed may be shown by parol proof of the facts and circumstances attending the transaction, and the intention when ascertained will control and determine the liability. 1 Danl. Neg. Inst. § 710.

In *Baker* v. *Robinson,* 63 N. C. 191, the facts were very similar, and it appeared that the parties signing intended to

give the weight of their names as sureties for the maker, and it was declared that they were "sureties liable to the plaintiff in the same manner as if their names had been signed on the face instead of the back of the notes."

The subject has undergone a thorough review by the supreme court of the United States in *Good* v. *Martin*, 95 U. S. 90, and the true rule deduced from an examination of the cases announced in these words: "When the endorsement is in blank, if made before the payee, the liability must be either as an original promisor or.guarantor, and parol proof is admissible to show whether the endorsement was made before the endorsement of the payee and before the instrument was delivered to take effect, or after the payee had become the holder of the same; and, if before, then the *party so endorsing the note may be charged as an original provisor ;* but if after the payee became the holder, then such a party can only be held as guarantor, unless the terms of the endorsement show that he intended to be liable only as second endorser, in which event he is entitled to the privileges accorded to such endorser by the commercial law."

The right to introduce proof to explain the intent with which the endorsement was made in order to fix the endorser's legal liability, must be confined to the immediate parties to the transaction and an intent common to both. As thus understood, the proposition is obviously correct. The intent must be not only that of the person signing but that of the person to whom the note is payable, and the explanatory evidence is only competent in a controversy between them, and could not follow and affect the security when transferred before maturity to a *bona fide* endorsee for value and without notice. *Mendenhall* v. *Davis*, 72 N. C. 150; *Hill* v. *Shields*, 81 N. C 250.

The legal effect of such a signing ought to be, and we think is, fixed and definite, when the security is assigned, and for like reasons should be, when, as in the present case,

it is delivered unexplained to the payee, and the legal liability of the endorsers not left contingent upon an unexpressed and unknown understanding among themselves. But however this may be, it is clear the evidence restrictive of the implied obligation must come from the parties who are charged. Not only was no such testimony produced, but the evidence tended to show that the plaintiff accepted the note under the belief that the signers were all sureties for the debt. The charge of the court was almost in the very words upon which in *Baker* v. *Robinson, supra,* the decision was made, holding the endorsers responsible as sureties for the maker.

. We do not construe the statute, (Bat. Rev. ch. 10 § 10) which declares an " endorsement unless it be otherwise plainly expressed therein shall render the endorser liable as surety to any holder " as applicable to the present case. It extends to endorsers who are known as such to the commercial law, and through whom the legal title of the holder of the instrument is traced, but does not include those who not being in privity with the original contract simply write their names upon the back of it.

It must be declared there is no error and the judgment is affirmed.

No error.                                    Affirmed.