ADAM TREDWELL v. THOMAS H. BLOUNT.

*Notes and Bonds—Negotiable Instruments.*

1. A negotiable note endorsed before maturity, is not subject in the hands of the endorsee to a set-off in favor of the maker of a debt due by the payee at the time of making the note.
2. The law presumes that the holder of such paper is the owner, and took it for value and before dishonor, and that an undated endorsement of the same was made at the date of the note.

CIVIL ACTION, tried at Spring Term, 1881, of BEAUFORT Superior Court, before *Gilmer, J.*

The plaintiffs (Tredwell & Mallory, partners in trade,) declared as endorsees of a promissory note which is as follows: "On the first day of November, 1879, I promise to pay to the order of J. Rosenthal, the sum of two hundred and twenty-eight $\frac{25}{100}$ for value received." (Dated January 20th, 1879, at Washington, N. C., and signed by Thomas H. Blount.)

They allege in their complaint that Rosenthal, the payee of the note, on the 21st day of January, 1879, assigned the same to them for value, and that no part of the same has been paid.

The defendant in his answer denied the assignment, and especially that it was made before the maturity of the note, and for a further defence alleged, that Rosenthal, the payee, was indebted to him at the time of making the note, and is still indebted to him in the sum of one hundred and thirty dollars, with interest thereon from January 2nd, 1879, for

cotton sold and delivered by defendant to Rosenthal at said time, and which Rosenthal promised to pay on demand, but failed to do so. It was admitted upon the trial, that Rosenthal was indebted to the defendant as alleged in the answer.

The plaintiffs proved that the endorsement on the note was in the handwriting of Rosenthal, the payee, and then offered in evidence a letter written by Rosenthal to Tredwell & Mallory, dated Washington, N. C., January 21st, 1879, purporting to send to them a note on Thomas Blount, payable to said Rosenthal for $228.25. It was proved that this letter was in the handwriting of Rosenthal, and also proved by Jas. E. Shepherd that Adam Tredwell, one of the plaintiffs, handed him the letter, with the note sued on enclosed.

The admission of the letter was objected to by the defendant, but the objection was overruled and the letter received in evidence by the court, upon the ground, as stated by His Honor, that it was a circumstance showing that Rosenthal wrote a letter of that date, referring to a note enclosed of the description of the one sued on, as bearing upon the date of assignment. The defendant excepted, and contended :

1. That there was no evidence of assignment before due, and that the note was subject to the set-off claimed.

2. That there was no evidence of a good consideration for said assignment, which plaintiffs must affirmatively prove.

3. That the court erred in allowing the introduction of the letter, and that the declarations were incompetent evidence, to show a good consideration.

4. That the court allowed proof as to the reception of the letter, only as a circumstance to show the assignment; the declarations of the letter were not competent evidence, under that ruling, and that throwing out the declarations of the letter, there was no evidence of a good consideration.

His Honor held that the law presumed a consideration, and that no proof was necessary. There was judgment for the plaintiffs, and the defendant appealed.

TREDWELL *v.* BLOUNT.

*Mr. J. E. Shepherd,* for plaintiffs.
*Mr. G. H. Brown, Jr.,* for defendant.

ASHE, J.   There is no error in the ruling.   The evidence of the letter offered by the plaintiffs and objected to by the defendant, was totally immaterial, for as the court held, the law presumed every fact, for the proof of which, the letter was offered in evidence.

The note was a negotiable paper, and there is a *prima facie* presumption of law in favor of every holder of a negotiable paper, to the extent, that he is the *owner* of it, that he took it for *value and before dishonor,* and in the regular course of business.   Parsons on Notes and Bills, p. 255, and the references to cases cited in notes S. T. and U.   And in Daniel on Negotiable Instruments, § 728, the same doctrine is enunciated in the following language: "If the endorsement of a bill or note be undated, it will be presumed, when the paper is in the hands of a third party, to have been dated at the time of the execution, or at least before maturity and dishonor.   It is difficult to see how a more definite presumption, than that the endorsement before maturity can be sustained, and this seems all that is necessary to the protection of commercial paper.   As was said in *Ranger* v. *Carey,* 1 Metc., 369, a negotiable note being offered in evidence duly indorsed, the legal presumption is that such indorsement was made at the date of the note, or at least antecedently to its becoming due, and if the defendant would avail himself of any defence that would be open to him only in case the note were negotiated after it was dishonored, it is incumbent on him to show that the indorsement was in fact made after the note was over due."

The note having been indorsed before its maturity, the defence of set-off relied upon by the defendant cannot avail him.

There is no error. The judgment of the superior court is affirmed.

No error.                                                    Affirmed.