E. J. LILLY v. M. A. BAKER.

*Pleading— Variance—Negotiable Instrument.*

1. A variance between the allegation and the proof in a civil action is immaterial, unless it be shown to the court that the adverse party has been misled. C. C. P., § 128.

2. Negotiable paper endorsed by payee, and then appears the name of another person upon it; *Held*, that such person is an endorser.

3. An endorsement in blank should be filled, by order of court, before judgment rendered.

4. Effect of endorsement in blank at the time the note is made, and after its delivery to payee—upon negotiable and non-negotiable paper—liability of signers, whether bound as original promissors, guarantors or endorsers—application of the rule announced to "accommodation paper"— pointed out and discussed by ASHE, J.

(*Hoffman* v. *Moore*, 82 N. C., 313, distinguished ; *Johnson* v. *Hooker*, 2 Jones, 29 ; *Shelton* v. *Davis*, 69 N. C., 324, approved).

CIVIL ACTION tried at Fall Term, 1882, of CUMBERLAND Superior Court, before *Gilmer, J.*

The plaintiff brought this action against W. B. Surles, A. J. Kivett and M. A. Baker, and alleges:

1. That on the 19th of May, 1877, the defendant, Surles, by his promissory note promised to pay said Kivett on the first of January, 1878, the sum of five hundred and four dollars, with interest at eight per cent. from date.

2. That Kivett endorsed the same to defendant, M. A. Baker, who endorsed it to the plaintiff.

The defendant denies each of the allegations of the complaint.

The plaintiff put in evidence the instrument sued on, which is as follows: On demand, the first of January, 1878, I promise to pay A. J. Kivett or order five hundred and four dollars, for value received of him, at eight per cent. interest—dated May 19th, 1877, and signed and *sealed* by the defendant Surles. It was endorsed first by Kivett and then by Baker.

The plaintiff testified that he received the note in its then condition from Kivett, and that the signature of Baker was in his own handwriting.

The defendant introduced no evidence, but asked the court to instruct the jury that there was a material variance between the complaint and the evidence, and therefore the plaintiff was not entitled to recover. This was refused, and the jury were told that if they believed the evidence, to find for the plaintiff. Defendant excepted.

Verdict for plaintiff; judgment; appeal by defendant Baker.

*Mr. George M. Rose,* for plaintiff.
*Messrs. Hinsdale & Devereux,* for defendant.

ASHE, J. The exception taken by the defendant that there was a material variance between the complaint and the evidence, cannot be sustained in any view of the case. It is not sustainable upon the ground that the complaint sets forth that the

instrument sued upon was a promissory note, and that put in evidence was a bond, for such a variance is not material in this case.

Section 128 of the Code provides that "no variance between the allegations in the pleading and the proof shall be deemed material, unless it shall actually have misled the adverse party to his prejudice in maintaining his action upon the merits. Whenever it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the court, and in what respect he has been misled; and thereupon the judge may order the pleading to be amended upon such terms as shall be just."

Here, there was no pretence on the trial that the defendant had been misled by the variance between the complaint and the evidence in this respect. The defendant knew that the note sued on was that given by Surles to Kivett and endorsed by him and the defendant: the amount, the date, and time of its maturity were all specially set forth, so that there could be no mistake as to the identity of the instrument; and it was not pretended that any other note, of like or any other amount, had ever been given by Surles to Kivett and endorsed by him and the defendant. If it had been shown on the trial that a promissory note had been given under similar circumstances, then there might have been ground for complaint by the defendant, that he was misled.

Nor do we think there is any more force in the ground pressed in the argument before this court, that the variance consisted in describing the defendant, Baker, *as endorser*, in the complaint, when the proof showed he was not an endorser.

It is well settled that where a note is endorsed in blank, by simply writing the name of the endorser upon the back of the note, the holder has authority to make it payable to himself or any other person, by filling up the blank over the signature. Parsons on Notes and Bills, 19. But he is not at liberty to write over the blank endorsement any words which shall change the liability

created by law upon the endorser, or at least none which shall not be in exact conformity to the agreement under which the endorsement was made by the endorser to the endorsee. Story on Promissory Notes, § 138. In such case the agreement or understanding of parties is always open to proof; but where there is no evidence of an agreement adduced, the endorsement is to be interpreted according to the principles of commercial law.

Whether a party who endorses a note in blank is to be held to be an original promissor, endorser, or guarantor, will depend upon the time of the endorsement and the character of the instrument endorsed: as for instance, if a note, whether negotiable or not, is endorsed at the same time the note itself is made, the endorser ought to be held as original promissor or maker of the note. But where the note is endorsed after its delivery to the payee, whether the endorser is to be held as an endorser or guarantor will depend upon the character of the note. If it is a note not negotiable, he is held to be a guarantor, but if it is a negotiable note and is endorsed in blank by a third person, not being the payee, or a prior endorsee through them, in the absence of any controlling proof it is presumed that such person means to bind himself in the character of an endorser, and not otherwise, and precisely in the order and manner in which he stands on the note. Story, *supra,* § 473—480.

"There is no doubt if a note be made payable to the order of the payee and endorsed by him, and then subsequent to his name appears the name of another person endorsed upon it, such person cannot be regarded in any other light than as an endorser." 1 Daniel Neg. Instr., § 707. To the same effect is *Bigelow* v. *Cotten,* 13 Gray, 309, where the maker, Hurlburt, made a note payable to himself or order, and upon the note was the signature of Hurlburt and under it that of Cotten, and on the trial it appeared that both names were signed before the delivery of the note to the plaintiff; *Held,* that the legal effect of the endorsement was to make the note payable to bearer, and although a

note payable to bearer is transferable by delivery, it may also be transferred by endorsement of the holder, and in such case the endorser incurs the same obligations and liabilities as an endorser of a note payable to order.

In *Givens* v. *Bank*, 85 Ill., 442, it was held that where the payee of a note endorses the same in blank, after which, it is endorsed in blank by the names of two other persons, one name just below the other, it will not be presumed they were joint-endorsers to the holder, but it will be presumed they were successive endorsers, and the second endorser may be sued alone without noticing the last endorser.

This case is altogether distinguishable from that of *Hoffman* v. *Moore*, 82 N. C., 313; and other cases of that class. There, the note was made by James Moore, and, without any endorsement of him on the back of the note, it was endorsed in blank by others. There was nothing to show that the legal title had been transferred by the payee to the endorsers, and it was properly held that the endorsers were liable as original promissors. But in our case, the bond, which is a negotiable instrument, was endorsed by the payee, Kivett, and then by the defendant, Baker, and the plaintiff as holder had the right to write over the signature of Kivett, the payee, an endorsement to Baker; and then over that of Baker, an endorsement to himself or any one he pleased, and may maintain an action against the endorser. *Johnson* v. *Hooker*, 2 Jones, 29. And this is so, even if the endorsement of Baker was made for the accommodation of Kivett. Parsons, *supra*, 27.

The court below, we think, was in error in rendering judgment without the filling up the blank endorsement, and the judgment is for that reason reversed, but the verdict will be allowed to stand.

The case is remanded that the endorsement may be filled up; after which, judgment may be entered. C. C. P., § 132; *Shelton* v. *Davis*, 69 N. C., 324. The reason why the courts are partic-

ular in having blank endorsements filled up before judgment, is, to avoid the danger of notes being subsequently endorsed and put in circulation.

Error.                                    Judgment accordingly.