M. S. BARDEN v. L. P. HORNTHAL and L. H. HORNTHAL.

(Filed 15 September, 1909.)

1. Notes—Original Parties—Restrictive Endorsements—Delivery—Presumptions.

The time of the operative effect of Revisal, sec. 2345, relating to negotiable instruments, was 8 March, 1899; and prior thereto, as between the original parties, one who wrote his name across the back of the instrument, could show the exact nature of the obligation assumed, whether as joint promissor, guarantor or first or second endorser, the presumption of the law, in the absence of such qualifying testimony, being that he signed as co-maker, or at least as surety.

2. Same—Instructions—Questions for Jury.

In an action on a promissory note made in February, 1899, when it appears from the instrument itself and admissions in the pleadings, in evidence, that the defendant wrote his name across

the back of the note, before delivery to payee, to enable the maker to obtain a loan from the payee, without further evidence tending to restrict or qualify the nature of his obligation, and the amount claimed to be due is not disputed, the defense that the defendant was discharged by the laches of the payee in the collection of the note from the maker and by failure to give notice of default, is invalid, and a charge is correct that if the jury believe the evidence they should render a verdict for plaintiff.

3. **Notes — Liability of Endorsers — Original Parties — Restrictive Endorsements — Undated Endorsements — Burden of Proof.**

The question as to whether an undated endorsement on a note is presumed to bear the same date of the instrument only in favor of third persons, and has no application between the original parties, is not involved, when it appears from the admissions that the defendant, in a suit upon a note, wrote his name across its back before delivery to enable the maker to obtain money from the plaintiff, and there is no evidence restrictive of the defendant's obligation, which it is upon him to show.

4. **Notes—Endorser—Liability.**

Whether sec. 50, Code, 1883, by which all endorsers are declared to be *prima facie* sureties, applies to a transaction of this character or is confined to endorsements in the strict sense of mercantile law by which the title to a note is passed and same put in circulation as a negotiable instrument. *Quaere.*

APPEAL from *Peebles, J.,* January Term, 1909, of WASHINGTON.

L. P. Hornthal, on petition duly filed, having received his discharge in bankruptcy, the action is further prosecuted against L. H. Hornthal, the other defendant. The note in question was given to plaintiff for $1,500, bearing date 27 February, 1899, payable on demand, signed by L. P. Hornthal as maker, and on the back thereof appears the name of defendant L. H. Hornthal.

In the pleading L. H. Hornthal admitted that the note was for money lent by plaintiff to L. P. Hornthal, the maker, and that before delivery of same, and as an inducement to the loan, he had written his name on the back of the note; but alleged that he so wrote his name as endorser and not as surety, and contended that as such endorser he was discharged by the laches of plaintiff in the collection of the note from L. P. Hornthal, the maker, and by failure to give said L. H. Hornthal proper notice of the maker's default. Other defenses were also alleged in the answer. On the trial the plaintiff presented the notes on which certain partial payments had been entered as credits, proved the signature of defendant L. H. Hornthal on back of note, introduced the complaint and answer, showing defendant's admissions, and rested. Defendant moved for judgment of nonsuit, which was overruled, and defendant excepted.

The court charged the jury, if they believed the evidence they would render a verdict for balance due on note, and defendant excepted. Verdict for plaintiff; judgment, and defendant excepted and appealed.

*Gaylord & Gaylord* for plaintiff.
*Shepherd & Shepherd* and *Ward & Grimes* for defendant.

HOKE, J., after stating the facts: Our statutes on negotiable instruments (Revisal 1905, sec. 2345) enact that the provisions of the law shall not apply to such instruments made and delivered prior to 8 March, 1899; and the note sued on having been executed on 27 February, 1899, the rights of the parties to this controversy are unaffected by the statute, and must be so considered and determined. Viewed in that aspect, our decisions are to the effect that when a third person writes his name on the back of a negotiable instrument before delivery to the payee, and with a view to give additional credit to the maker, it is open to the original parties, and as between themselves, to show the intent and exact nature of the obligation assumed, whether as joint promissor and guarantor or as first and second endorser, etc.; and in the absence of such qualifying testimony the law will presume that such person signed his name as co-maker, and in any event as surety, that being the relationship of the defendant alleged in the complaint. *Lilly v. Baker,* 88 N. C., 151; *Tredwell v. Blount,* 86 N. C., 33; *Hoffman v. Moore,* 82 N. C., 313; *Baker v. Robinson,* 63 N. C., 191; *Good v. Martin,* 95 U. S., 90.

In *Lilly v. Baker, supra, Ashe, J.,* speaking to these questions, said: "Whether a party who endorses a note in blank is to be held to be an original promissor, endorser or guarantor will depend upon the time of the endorsement and the character of the instrument endorsed: as, for instance, if a note, whether negotiable or not, is endorsed at the same time the note itself is made, the endorser ought to be held as original promissor or maker of the note. But where the note is endorsed after its delivery to the payee, whether the endorser is to be held as an endorser or guarantor, will depend upon the character of the note. If it is a note not negotiable, he is held to be a guarantor; but if it is a negotiable note and is endorsed in blank by a third person, not being the payee, or a prior endorsee through them, in the absence of any controlling proof it is presumed that such person means to bind himself in the character of an endorser, and not otherwise, and precisely in the order and manner in which he stands on the note. Story, *supra,* pp. 473-480."

And in *Good v. Martin,* 95 U. S., *supra,* the Court held as fol-

lows: "1. In a suit upon a promissory note the court below charged the jury that if the defendant, without making any statement of his intention in so doing, wrote his name on the back of the note before its delivery to the payee, he is presumed to have done so as the surety of the maker, for his accommodation, and to give him credit with the payee; and that, if such presumption is not rebutted by the evidence, he is liable on the note as maker. Held, that the charge was not erroneous."

A correct application of these principles to the facts presented fully sustains the decision of his Honor below in refusing to nonsuit the plaintiff, and the charge as given to the jury. On the trial the note was presented, showing the amount originally due, and a number of partial payments entered thereon as credits. The fact was proved that the defendant L. H. Hornthal wrote his name on the back of the note; and the pleadings which were introduced in evidence contain by fair intendment an admission by defendant that he so wrote his name before delivery to the payee, and to enable his co-defendant, L. P. Hornthal, to obtain the money that plaintiff then loaned him. On these facts, and in the absence of any testimony tending to restrict or qualify the nature of defendant's obligation, the court, under the authorities cited, was fully justified in charging the jury, if they believed the testimony, they would render a verdict for plaintiff, there being no dispute as to the amount due on the note in case defendant was liable.

It is earnestly contended for defendant that the presumption which usually obtains, to the effect that an undated endorsement, when there is no evidence to the contrary, will be presumed to have been the same date as the note, does not apply as between the original parties to the instrument, but only arises in favor of third persons; and when a negotiable instrument has been put in circulation by regular and proper endorsement, and that, in the present case, in the absence of direct evidence as to the time of the endorsement, the form of the instrument should control. But, in our opinion, the case does not call for or permit the determination of this interesting question, for the reason that the pleadings contain by fair intendment a clear admission on the part of the defendant that he wrote his name on the back of the paper before delivery to the payee, and to assist his co-defendant in obtaining the loan; and where this appears, then all evidence restrictive of the signer's obligation must come from him.

As said by *Chief Justice Smith,* in *Hoffman v. Moore, supra,* "The legal effect of such a signing ought to be, and, we think, is, fixed and definite, when the security is assigned, and for like reasons should be, when, as in the present case, it is delivered un-

explained to the payee, and the legal liability of the endorsers not left contingent upon an unexpressed and unknown understanding among themselves. But however this may be, it is clear the evidence restrictive of the implied obligation must come from the parties who are charged. Not only was no such testimony produced, but the evidence tended to show that the plaintiff accepted the note under the belief that the signers were all sureties for the debt. The charge of the court was almost in the very words upon which, in *Baker v. Robinson, supra,* the decision was made, holding the endorsers responsible as sureties for the maker."

Decided intimation is given in this last case (*Hoffman v. Moore*) that the provision of the Code of 1883, being chapter 6, section 50, making all endorsers liable as sureties unless otherwise plainly expressed in the endorsement, "does not apply to the facts presented here, but only to endorsements in the strict sense of commercial law, and by means of which a negotiable instrument is put in circulation." This, too, is an interesting question, the decision of which is not required for the determination of the present appeal, and the section of the Code mentioned and the decisions predicated thereon cited by plaintiff are not therefore referred to or dwelt upon.

We find no error in the record, and the judgment below is affirmed.

No error.