FOURTH NATIONAL BANK OF FAYETTEVILLE v. JOHN E. WILSON.

(Filed 7 April, 1915.)

1. **Bills and Notes—Notice of Dishonor—Verdict—Indorser—Surety—Interpretation of Statutes.**

    *Semble,* that one writing his name on the back of a negotiable instrument may not show by parol evidence that he signed otherwise than as an indorser, "unless he clearly indicates by appropriate words his intention to be bound in some other capacity" (Revisal, secs. 2112, 2113) ; but it having been found by the jury under the pleadings, evidence, and correct instructions from the court, that such person was given due notice of dishonor, on which grounds he alone seeks to avoid liability, the question is not necessary to decide.

2. **Bills and Notes—Notice of Dishonor—Trials—Verdict—Interpretation—Instructions.**

    A verdict of the jury may, in proper instances, be given significance by reference to the pleadings, evidence, and the charge of the court, and

therefrom it appears that the jury necessarily found, in this case, that the requisite notice of dishonor for nonpayment or nonacceptance of the negotiable instrument sued on had been given, the charge being in accordance with the language of the statute, Revisal, 2254.

**3. Bills and Notes—Notice of Dishonor—Banks and Banking—Customs—Evidence.**

Where want of notice of dishonor, etc., is relied upon as a defense in an action upon a negotiable instrument, it is competent, as corroborative evidence for the bank to show that proper notices were mailed to the defendant's address, and its custom as to the character and time of sending such notices.

**4. Trials—Immaterial Issues—Instructions—Appeal and Error.**

Where the answer by the jury to one of the issues submitted to them makes their answer to another immaterial, a charge of the judge upon the immaterial issue, if erroneous and applicable to that alone, will not be held for reversible error.

**5. Trials — Instructions — Contentions—Objections and Exceptions—Appeal and Error.**

An exception to the charge of the court is not held for reversible error in this case, the portion objected to being susceptible of the interpretation that it was a statement of the contentions of the appellee.

APPEAL by defendant from *Cooke, J.,* at October Term, 1914, of CUMBERLAND.

Civil action to recover balance due on note of Cherokee Lumber Company, payable to plaintiff bank, on the back of which appeared name of defendant.

It was, among other things, admitted that plaintiff, for full value and before maturity, discounted the note signed by Cherokee Lumber Company, the same maturing 3 October, 1911, and that, at the time this was done, the name of defendant appeared on the back of the note, and no part of same was paid at maturity, and that the note with accrued interest is still due, subject to a credit of $300 of date 4 December; that the bank was located in Fayetteville, N. C., and defendant resided at Dunn, N. C., and the two towns were connected by railway and daily mail.

Defendant, in his answer, claims that he was indorser of the note and, as such, entitled to notice of dishonor, and that same was not given.

Plaintiff replied, setting up the facts of the transaction as claimed by him, and alleging that defendant was, in reality, surety on the note and, as such, not entitled to notice, and further, that, even as indorser, due notice had been given.

On issues submitted, the jury rendered the following verdict:

1. Is the plaintiff, the Fourth National Bank of Fayetteville, N. C., the holder in due course of the note marked Exhibit "A"? Answer: "Yes."

2. Did the defendant's name appear upon said note when the same was acquired by the plaintiff? Answer: "Yes."

3. Did the defendant, John E. Wilson, execute the said note? Answer: "Yes."

4. If so, did he execute the same as surety? Answer: "Yes."

5. Was due notice given to the defendant of the nonpayment of the said note? Answer: "Yes."

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*Broadfoot & Broadfoot and Rose & Rose for plaintiff.*
*Clifford & Townsend for defendant.*

HOKE, J., after stating the case: We have given this case our most careful consideration and are of opinion that no reversible error has been shown. In *Barden v. Hornthal,* 151 N. C., pp. 8-10, speaking to the law as it existed prior to the time when the negotiable instrument act became effective, 8 March, 1899 (see Revisal 1905, sec. 2345), the Court said: "Viewed in that aspect, our decisions are to the effect that when a third person writes his name on the back of a negotiable instrument before delivery to the payee, and with a view to give additional credit to the maker, it is open to the original parties, and as between themselves, to show the intent and exact nature of the obligation assumed, whether as joint promissor and guarantor or as first and second indorser, etc.; and in the absence of such qualifying testimony the law will presume that such person signed his name as comaker, and in any event as surety, that being the relationship of the defendant alleged in the complaint." Citing *Lilly v. Baker,* 88 N. C., 151; *Tredwell v. Blount,* 86 N. C., 33; *Hoffman v. Moore,* 82 N. C., 313; *Baker v. Robinson,* 63 N. C., 191; *Good v. Martin,* 95 U. S., 90.

The statute in question evidently was intended to make some change in the former law in the respect suggested, *Perry v. Taylor Bros.,* 148 N. C., 362, and, in sections 2212 and 2213, it is provided as follows:

"SEC. 2212. A person placing his signature upon an instrument otherwise than as maker, drawer, or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity.

"SEC. 2213. Where a person not otherwise a party to an instrument places thereon his signature in blank before delivery, he is liable as indorser, in accordance with the following rules: (1) if the instrument is payable to the order of a third person he is liable to the payee and to all subsequent parties; (2) if the instrument is payable to the order of the maker or drawer or is payable to bearer, he is liable to all parties subsequent to the maker or drawer; (3) if he signs for the accommo-

dation of the payee, he is liable to all parties subsequent to the payee."

On the facts as presented it would seem to be the purpose of the statute to fix the status of this defendant as indorser and to exclude parol evidence to the contrary in this and all cases coming under the statutory provision, "unless he clearly indicates by appropriate words his intention to be bound in some other capacity." There is conflict of authority, however, as to the effect and extent of this statutory change (see Daniel on Negotiable Instruments (6 Ed.), pp. 806-7, annotations by T. H. Calvert, more particularly notes 32 and 33), and we are not called on to determine the question, in this case, for the reason that the jury, under a correct charge, has found that due and proper notice has been given, and defendant is liable, therefore, whether indorser or surety. The jury having found that defendant was surety, the verdict on this, the next issue, does not in itself fix the time and character of the notice given, but it is well understood that a verdict may, in proper instances, be given significance by reference to the pleadings, evidence, and the charge of the Court (*S. v. Murphy,* 157 N. C., 615; *Richardson v. Edwards;* 156 N. C., 590), and, on examination of the record, it appears that the charge of his Honor on this issue is in exact accord with the statutory requirement as to notice of dishonor for nonacceptance or nonpayment of negotiable instruments. Revisal, sec. 2254.

There is pertinent evidence tending to show that the proper notices were mailed to defendant's address, and the custom of the bank as to the character and time of sending their notices was clearly competent on this issue as to notice. *Vaughn v. R. R.,* 63 N. C., 11; *Asher v. DeRosset,* 53 N. C., 240; *Union Bank v. Stowe,* 50 Me., 595; *Matthews v. O'Neil,* 94 Mo., 520; Wigmore on Evidence, sec. 93; 1 Greenleaf (16 Ed.), 14 J.

The exceptions to the charge of the court on the fourth and fifth issues, the fourth as to suretyship and fifth as to notice, to the effect that the same, in certain aspects, amounted to an expression of opinion by the trial judge adverse to defendant, may not be sustained.

As we have seen, the verdict on the fourth issue has become immaterial, since the jury, in response to the fifth issue, has established notice sufficient to fix and hold defendant as indorser; and there is nothing to show that the error on the fourth issue, even if it existed, had any effect or bearing on the fifth.

As to his Honor's charge on the latter issue, the portion objected to is clearly susceptible of the interpretation that his Honor was stating the contention of the plaintiff, and should not, in our opinion, be held for reversible error.

On the record, as stated, we find no sufficient reason for disturbing the results of the trial, and the judgment in favor of plaintiff must be affirmed.

No error.