H. E. WRENN, SUCCESSOR TO KELLY & WRENN, v. LAWRENCE COTTON
MILLS, INC., C. I. JONES, H. N. FAIRLY AND H. S. BLACKMER.

(Filed 11 December, 1929.)

1. **Bills and Notes D b—Where parties sign note as endorsers holder
may not show different liability by parol.**

Where the directors of a corporation sign a negotiable instrument on
the back thereof as endorsers, C. S., 3044, the holder may not show by
parol that they signed as comakers, or guarantors, or sureties.

2. **Bills and Notes D c—Extension of time for payment of note must be to
a time definite and certain.**

Where endorsers on a note waive defenses based upon an extension of
time for payment, the waiver imports a legal extension, or an agreement
which fixes a definite time when payment is to be made, and where no
legal extension is shown by the evidence the waiver will not operate to
prevent the endorsers from pleading the statute of limitations in the
holders' action to recover against them on the note.

3. **Limitations of Actions B a—Where there is no legal extension of time
for payment of note the statute runs from its maturity.**

Where the endorsers of a note waive notice of dishonor and defenses
based on an extension of time for payment, and there is no agreement for
an extension to a definite time, there is no legal extension of time, and
where more than five years elapse from the time of the last payment on,
and maturity of the notes, the three-year statute of limitations, C. S.,
441, will bar the holders' action to recover against the endorsers on the note.

APPEAL by plaintiff from *Stack, J.,* at September Term, 1929, of
ROWAN. No error.

The following verdict was returned:

1. Did the defendants execute and deliver to Kelly & Wrenn the five
promissory notes, as alleged in the complaint? Answer: Yes (by con-
sent).

2. Is the plaintiff the owner of said notes, as alleged in the complaint?
Answer: Yes (by consent).

3. Is the plaintiff's alleged cause of action barred by the statute of
limitations, as alleged in the answer? Answer: Yes.

4. What amount, if anything, is plaintiff entitled to recover? Answer:
Nothing.

*R. Lee Wright for plaintiff.*
*John C. Busby and W. T. Shuford for defendants.*

ADAMS, J. On 29 November, 1920, the Lawrence Cotton Mills, Inc.,
executed and delivered to the firm of Kelly & Wrenn, of Waco, Texas,
five promissory notes each in the sum of $5,000, payable respectively six,

nine, twelve, fifteen, and twenty-four months after date, with interest at 6 per cent from date until paid. Each note was endorsed by the defendants C. I. Jones, H. N. Fairley, and H. S. Blackmer, and was duly assigned to the plaintiff by Kelly & Wrenn, who dissolved copartnership in June, 1921. On the back of the first note the following payments are endorsed: $538.70 on 1 November, 1921; $500 on 22 December, 1922; $250 on 10 March, 1923; $250 on 10 June, 1923. No other payments were made on any of the notes. In 1921 Lawrence Cotton Mills, Inc., became and has since been insolvent. The present action, which is prosecuted against the endorsers, was commenced 4 September, 1928. The defendants pleaded the three-year statute of limitations. Each note contains the following stipulation: "The drawers and endorsers and all sureties hereto severally waive presentment for payment, protest, and notice of protest, and nonpayment of this note, and all defenses on the ground of any extension of the time of its payment that may be given by the holder or holders to them or either of them. Witness our hands and seals."

The jury were instructed if they believed all the evidence to answer the third issue "Yes" and the fourth "Nothing." The plaintiff excepted. Judgment was given for the defendants and the plaintiff appealed upon error assigned.

The plaintiff's evidence (none was introduced by the defendants) consists of the notes, certain admissions in the pleadings, and the depositions of three nonresident witnesses. It is not denied that the plaintiff is the owner and holder of the notes.

The plaintiff offered evidence tending to prove that the defendants orally agreed when the notes were executed to "remain liable and responsible until the notes were paid." The proposed testimony was properly excluded. The notes constitute the written contract of the parties, and the plaintiff sought to vary the written terms by parol.

The Negotiable Instrument Law was ratified on 8 March, 1899. P. L., 1899, ch. 733. Before this date our decisions were generally to the effect that when third persons wrote their names on the back of a negotiable instrument before delivery to the payee, the original parties as between themselves could show their intent and the nature of their obligation—whether they had affixed their signatures as joint promisors, as guarantors, or as endorsers. *Lilly v. Baker,* 88 N. C., 151; *Barden v. Hornthal,* 151 N. C., 8. But a complete change was wrought by the enactment of the new law, which provides that a person who writes his name upon an instrument otherwise than as maker, drawer, or acceptor is deemed to be an endorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity. C. S., 3044. See, also, section 3045. These sections supersede the former law. Daniel on Negotiable

Instruments, 6 ed., 806; Brannan's Neg. Instruments Law, 4 ed., 588. In *Bank v. Wilson,* 168 N. C., 557, the Court, after pointing out the change referred to, remarked that the purpose of these sections is to fix the status of the defendants as endorsers.

The plaintiff proposed to change this status by oral testimony that the defendants endorsed the notes as comakers, or guarantors, or sureties; but in the case last cited the Court said that one of the objects of the statute is to exclude parol evidence to the effect that the status of the parties is otherwise than as fixed by the law. We are not at liberty to give the endorsement an effect which in terms the statutes reject. The principle is restated and sustained in *Meyers v. Battle,* 170 N. C., 168; *Busbee v. Creech,* 192 N. C., 499; and it is clearly sustained by the weight of authority elsewhere. Brannan's Neg. Instruments Law, 4 ed., 578, 589; 5 Uniform Laws, Annotated, 307. It is not the purpose of the statutes to prevent the defendants from showing that they are accommodation endorsers or the relation they sustain to one another. *Meyers v. Battle, supra.* The logical result is that the liability of the Lawrence Cotton Mills, Inc., is primary and that of the defendants, secondary. *Houser v. Fayssoux,* 168 N. C., 1; *Horton v. Wilson,* 175 N. C., 533; *Barber v. Absher Co., ibid.,* 602; *Dillard v. Mercantile Co.,* 190 N. C., 225.

The corporation became insolvent in 1921; the defendants became accommodation endorsers in 1920. As such they were entitled to the rights and immunities which attach to the status of endorsers, although they may have been directors of the corporation. *Houser v. Fayssoux, supra;* Brannan's Neg. Instruments Law, 580. See, also, *Barber v. Absher Co., supra.*

An endorser is, of course, entitled to notice of dishonor; and it may be conceded that by the terms of this contract the defendants waived such notice; also that they waived defenses based upon an extension of the time of payment. The latter waiver, however, imports a legal extension of time which would be effective against the defendants. Granting that the time of payment may be extended by a definite and binding oral agreement (*Oliver v. Fidelity Co.,* 176 N. C., 598), we are confronted by the general rule that such an agreement must fix a definite time when payment is to be made. The time thus agreed on should be as definite as that which is required when the note is originally executed, the elements of the agreement being certainty, mutuality, and consideration. *McInturff v. Gahagan,* 193 N. C., 147; 8 C. J., 425, sec. 626, *et seq.* No evidence received or offered in regard to the extension of time purported to designate a definite period. In fact, if the excluded evidence had been admitted it would have shown affirmatively that no such time was agreed on and that the asserted extension was altogether indefinite. In contemplation of law there was no binding agreement for an extension of time.

The plaintiff's cause of action is therefore barred. Three years is the period prescribed for the commencement of an action upon a contract, obligation, or liability arising out of a contract, express or implied. C. S., 441. More than five years elapsed between the date of the last payment, the maturity of the last note, and the commencement of the action.

It follows from what we have said that no error was made in declining the plaintiff's prayers or in giving a directed instruction to the jury upon the last two issues.

No error.